## JOHN M. DAVIS *vs.* JOSEPH EMERSON.

Where judgment has been recovered against an insolvent principal and his two sureties, and has been paid by one of them, he may recover of his co-surety one half of the costs as well as of the debt.

ASSUMPSIT for money paid, laid out and expended. The plaintiff and defendant had been sureties for one *Chadbourne,* and a suit had been brought against them, and judgment obtained against the three. This execution had been paid by the plaintiff, *Chadbourne* being insolvent, and he now claimed to recover one half the amount of execution, debt and costs. The defendant objected to the allowance of any part of the costs. EMERY J. instructed the jury, that the plaintiff had a right to contribution from the defendant for the costs so paid by him, as well as for the debt. The verdict was for the plaintiff and included one half the costs of suit. To this instruction of the Judge the defendant excepted.

*N. D. Appleton,* for the defendant.

*Clifford,* for the plaintiff, cited *Henderson* v. *McDuffie,* 5 *N. H. Rep.* 39; 8 *T. R.* 186; 11 *Johns. R.* 576; 8 *East,* 225; 2 *T. R.* 282.

The opinion of the Court was by

WESTON C. J. — A judgment was recovered against the plaintiff and the defendant, for which both were jointly and equally liable. The failure to pay, which occasioned the costs, was imputable to the defendant, as much as to the plaintiff. The plaintiff paid the execution, including the costs. As the defendant was liable for half the execution, to that extent, the plaintiff paid money for his use and benefit. The costs cannot be distinguished from the debt. Every equitable principle, which entitles the plaintiff to contribution for the one applies equally to the other.

*Judgment on the verdict.*