## THOMAS NEWCOMB *vs.* NEHEMIAH GIBSON.

Suffolk.   March 27. — Sept. 5, 1879.   AMES & LORD, JJ., absent.

A. paid a judgment recovered on a promissory note indorsed by him and B. for
the accommodation of C.   In an action by him against B. for contribution, *held,*
that it was no defence that C., to obtain a discount of the note, borrowed certain
bonds of A., paying him a high rate of interest therefor, which bonds were de-
livered, as collateral security, to the bank discounting the note; that A. collected
the interest on the bonds while they were pledged; that A. received security for
the return of the bonds, part of which security had been sold, and the proceeds
received by A.; or that there were outstanding accounts between A. and C.

If A. pays a judgment recovered against himself and B. jointly, he may in an
action against B. recover one half the judgment for the principal debt and tax-
able costs, and one half of the expenses on the execution, if the latter are not
incurred in levying upon his property.

CONTRACT for money paid.   The declaration alleged that
A. S. Smalley made a promissory note for $2500 to the order of
A. S. Foss, and the plaintiff and the defendant signed the note
as joint sureties for Smalley; that, in May 1878, Foss recovered
judgment against Smalley, the plaintiff and the defendant, in
the sum of $2818.38; that said sum, with the expenses accru-
ing upon the execution thereon, amounting in all to the sum
of $2884.77, was collected of the plaintiff; that the note was
secured in part by certain bonds, which the plaintiff received
upon the settlement of the execution, and sold for $500; and
that the defendant owed the plaintiff $1192.38.   The answer
contained a general denial; admitted that a note was executed,
in form similar to that set forth in the declaration, but denied
that the defendant signed it as joint surety with the plaintiff.
Trial in the Superior Court before *Brigham,* C. J., who re-
ported the case for the determination of this court, in substance
as follows:

The plaintiff put in evidence the record of an action brought by A. S. Foss against A. S. Smalley, Thomas Newcomb and Nehemiah Gibson, on a promissory note signed by Smalley, payable to the order of Foss, and with the names of Newcomb and Gibson on the back thereof, on which the defendants were defaulted, and judgment recovered on May 3, 1878, for the sum of $2800 debt, and $18.38 costs of suit; which judgment the plaintiff satisfied on May 23, 1878, by paying the sum of $2943.78.

The defendant contended that, if liable at all, he was liable only for one half of the judgment and interest, and not for one half of the costs, which included sheriffs' fees and taxable costs; and put in evidence of the following facts: The note described in the declaration was the last of four notes made by Smalley, and indorsed by the plaintiff and defendant, each for the sum of $2500, which were renewed from time to time.  The first of these notes, dated December 22, 1874, was discounted by the Maverick National Bank, of which the defendant was president. The defendant received no consideration for his indorsement of the several notes, but indorsed them, upon the solicitation of Smalley, to comply with the usages of the bank in discounting notes, and as an act of friendship to Smalley, who received all the proceeds thereof and paid no part of the same to the defendant.   At the time the first note was discounted, Smalley delivered to the bank $2000 in bonds of the city of Cairo, Ill., and $1000 in bonds of Lawrence, Kansas, which were lent by the plaintiff to Smalley, to enable him to procure money by using them as collateral security for a loan of money for Smalley's use. Smalley had given to the plaintiff security for the bonds and other indebtedness, and other bonds lent, by a mortgage, with policies of insurance, on a vessel, on December 8, 1874, which mortgaged property was afterwards sold, and the plaintiff received the proceeds thereof.   The state of the accounts between Smalley and the plaintiff, on the plaintiff's payment of the judgment, and at the time of this trial, did not appear by the evidence, but it did appear that such accounts had not been settled. Smalley agreed to pay the plaintiff two per cent for the use of the bonds, if he could procure money on them for seven per cent. Before the first note became due, Foss purchased it of the bank, and received with it the bonds.   The interest of the notes, as

they successively became due, was paid by Smalley or by the plaintiff. The plaintiff, by permission of Foss, who then held the bonds, collected some of the coupons of them. The plaintiff called upon the defendant to pay one half of the last note, but the defendant refused to do so, denying his liability. The plaintiff, in rebuttal, offered evidence tending to prove that on satisfying the judgment he received the bonds of Foss, and sold them for $500.

The judge ruled that, upon the above facts, the plaintiff was entitled to recover the amount claimed, less the value of the bonds, and submitted to the jury the question only of the value of the bonds, giving instructions upon that matter to which neither party made objection. The jury found the value to be $500; and the judge ordered a verdict for the plaintiff for the amount claimed in the declaration, and interest.

If the ruling was erroneous, a new trial was to be ordered; otherwise, judgment on the verdict.

*J. Nickerson*, for the defendant.

*C. S. Griffin*, for the plaintiff.

COLT, J. The plaintiff claims contribution from the defendant for money paid to satisfy a judgment and execution recovered by Foss against them jointly, on a note payable to Foss or order, given by Smalley, and indorsed by the plaintiff and defendant. The judgment is *prima facie* evidence that the plaintiff and defendant were equally, as well as jointly, liable for its payment. If the defendant would escape his liability to contribute towards its payment, he must show that the relation between them was not that of joint principals or joint sureties in the original note, but that he became a party to the note for the benefit and accommodation of the plaintiff. For the purpose of ascertaining the relations of the parties to a promissory note with a view to the remedy between themselves, when one pays the whole, or more than his share, the fact may be proved by any competent evidence that one was principal and the other surety; or that one who appears on the note as first indorser was in fact a co-surety, with a subsequent indorser. The fact is collateral to the contract, and is no part of it. *Weston* v. *Chamberlin*, 7 Cush. 404. Nor is the evidence excluded when the contract is merged in a judgment; it is not offered to contradict

the judgment; and there is the same reason for its admission to show the relations of parties who are joint debtors, as there is for its admission to show the relations of joint debtors in a contract. *Carpenter* v. *King*, 9 Met. 511. *Horne* v. *Bodwell*, 5 Gray, 457.

The main question in this case is whether the evidence produced by the defendant to relieve himself from his joint liability for this judgment was sufficient to warrant a finding in his favor. In the opinion of the court, it has no tendency to control the *prima facie* evidence of the judgment. The note was indorsed for the sole benefit of Smalley. The plaintiff received no part of the consideration. The sum agreed to be paid him for the use of the bonds lent by him to Smalley, and deposited as collateral security with the note, was entirely independent of the note. It does not affect the rights of the parties to this action, that Smalley obtained from the plaintiff the bonds pledged, or that Smalley had or had not paid for the use of the collateral security; or had given a mortgage to the plaintiff to secure the payment for such security; or had agreed to pay a high rate for the use of it; or had collected some of the interest due on the bonds while the same were pledged; or that the plaintiff and Smalley had unsettled accounts.

The court ruled upon all the facts in the case, that the plaintiff was entitled to recover the amount claimed in his declaration, less the value of the bonds deposited as collateral security, of which the plaintiff had received the benefit. The amount claimed included the costs and expenses which accrued upon the levy of the execution, and which were paid by the plaintiff; and the remaining question is as to the right of the plaintiff to recover any part of these last-named items.

The general rule is, that the right of contribution does not extend to any part of the cost paid or the expense incurred by one of two or more parties subject to a joint liability in attempting to defend himself against the claim, unless authorized by those who are jointly liable. *Knight* v. *Hughes*, 3 C. & P. 467. This rule does not apply where the cost is recovered in a judgment against all the joint obligors, for there the cost has become a common burden, and each may recover of the others for the payment of more than his due proportion. *Boardman* v. *Paige*,

11 N. H. 431.  *Davis* v. *Emerson*, 17 Maine, 64.  It does not apply where the cost is sought to be recovered under a promise of indemnity.  *Hadsell* v. *Hancock*, 3 Gray, 526.  *Duffield* v. *Scott*, 3 T. R. 374.  *Bonney* v. *Seely*, 2 Wend. 481.  See also Chit. Con. (10th ed.) 524.

The plaintiff is entitled to recover one half the amount of the judgment, including costs of suit, and also of the costs of the execution, because both judgment and execution were against him and the defendant jointly, and both were equally in fault in not paying, and the report does not show that any part of the costs accrued in levying the execution upon the property of either party.                    *Judgment on the verdict.*