SAMUEL H. STEVENSON, RELATOR v. KENT CIRCUIT JUDGE.

*Appeal from justice's court—Payment of fees.*

A justice's receipt for " ten dollars as *fees* and costs on appeal of case " so binds him that he must make return to the appeal even though the fee for making it has not in fact been paid. The appellant has a right to rely on the receipt and cannot be deprived of his appeal by a misunderstanding with the justice.

MANDAMUS to compel respondent to vacate his order refusing to compel a justice to make return to an appeal taken by relator. The justice had receipted for the costs paid on taking the appeal in these words : " Rec'd of Norris & Uhl ten dollars as fees and costs in appeal of case of *Arthur Meigs v. Samuel H. Stevenson*, tried before me." He refused, however, to make return to the appeal on the ground, among other reasons, that the sum paid did not include the fee for making return, and that he had no right to make one. Submitted June 15. Granted June 23.

*Norris & Uhl* for relator. Mandamus is the proper proceeding for compelling a justice to make a return : *Wiley v. Allegan Judge* 29 Mich. 488.

*Godwin & Earle* for respondent.

MARSTON, C. J. The receipt given by the justice in this case shows that he had received " ten dollars as fees and costs on appeal of case," etc. The claim afterwards set up by him that the costs were taxed at ten dollars, and that, while the costs were paid him, the one dollar for making his return had not been, would be in direct conflict with his receipt. He may have a claim against the appellant for the amount unpaid, but it was his duty to make due return to the appeal. The party had a right to rely upon the receipt given, and he should not be deprived of his right to an appeal because of a misunderstanding with the justice.

The writ must issue.

The other Justices concurred.