ABSALOM BACKUS, JR., ET EL. v. HUGH COYNE.

*General average—Counsel fees.*

One who stands in the position of a surety is justified in employing counsel and incurring costs in defending, for the common benefit, against illegal demands ; and his co-sureties must contribute to make him good, whether he succeeded or not, provided that he acted prudently in the light of facts indicating the probability of a sufficient recovery to justify the expense.

Contribution cannot be enforced on the ground merely that a liability exists, or even that a judgment has been recovered ; there must have been either a payment of the demand, or such an assumption of it as imposes on the claimant more than his share, and correspondingly releases the others.

A surety is not the agent of the common creditor to enforce the latter's demand, for the creditor would not be bound by the surety's act, and until payment may look to any or all the other sureties.

Freight lightered away from a grounded vessel, in order to save the rest of the cargo, is not liable to contribute to the expense incurred in doing so.

The sum for which a vessel is sold on execution must be accepted as its true value in a suit for contribution on a claim for general average, unless the claimant had caused it to be sold for less than its value.

Error to Superior Court of Detroit. Submitted January 26. Decided April 13.

ASSUMPSIT for a claim of contribution under the doctrine of general average. The action was brought by Coyne, as assignee of the owner of the vessel. Backus had a lot of lumber on board, part of which had been thrown off to keep the vessel from foundering. A part of the remainder was afterward lightered off in order to save it, and various expenses were incurred for these purposes, and for towage, repairs and wages, and also for defending against a libel in the Admiralty for a portion of these same claims, on which judgment was recovered, and the vessel sold to satisfy them.

Plaintiff recovered below, and defendants bring error. Reversed.

*Barbour & Rexford* and *Hoyt Post* for plaintiff in error. There is no liability for contribution in general average until the claim is paid : *Douglas v. Moody* 9 Mass. 548 ; nor until the surety has paid more than his share : De Golyer on Guaranties, 341 ; the amount at which a vessel should contribute after being sold on execution, is the amount of the sale : *Bell v. Smith*, 2 Johns. 98.

*George H. Prentiss* for defendant in error.

MARSTON, C. J. Coyne as assignee brought *assumpsit* for contribution upon a general average claim. It appeared on the trial that immediately on the arrival of the vessel in Detroit, she was libelled in the United States court for the recovery of certain claims, and amongst them claims for towing the vessel from Port Huron, where she was aground, to Detroit, and the wages of the captain and crew. It also

appeared that the vessel was sold under a decree of said court, that eighty per cent. of such claims were paid out of the proceeds, except wages which were paid in full, and that a portion of the proceeds were used to pay costs and proctor's fees in said suits, and that but for the payment of these the other claims might have been paid in full, and the court permitted the jury to take into consideration the payment of such costs and fees. Just what part this matter of costs and fees played in the case is not clearly apparent.

There can be no doubt but that a surety, or one standing in such a position, will be justified in employing counsel and incurring costs and expenses, to which his co-sureties must afterwards contribute, in defending against illegal demands. Nor will the right of the surety to recover in such cases be made dependent upon his success in the cases, as that would compel him to act at his peril. It is sufficient if he acted as a prudent man would, in the light of facts and circumstances, showing a probability of success in whole or in part sufficient to justify the expense likely to be incurred. The foundation for the right of contribution in such cases is the fact that the expense was incurred in defending for the common benefit. This will not, therefore, permit him to incur expense in uselessly resisting a legal demand, or in creating needless or unnecessary costs and expenses. *Knight v. Hughes* 3 C. & P. 467; *Henry v. Goldney* 15 M. & W. 494; *Kemp v. Finden* 12 M. & W. 421; *Davis v. Emerson* 17 Me. 64. I am also of opinion that the mere fact of liability, and even of a judgment thereon, is not sufficient to entitle the surety to enforce contribution. There must be a payment or such assumption of the demand, as imposes upon the claimant more than his share, and a corresponding release of those against whom he claims. The surety is not the agent of the common creditor to enforce the demand, as the latter would not be bound by his act, and until payment he may look to any or all the others, and they should not thus be put to needless litigation and the danger of having to respond to the principal, notwithstanding the payment by the surety.

The record in this case does not negative the fact that evi-

dence was given on the trial which, under the above views, would have and did justify the court in the rulings made. No error, therefore, is apparent of record in this part of the case.

The lumber lightered off the vessel while aground, was not liable to contribute to the expenses afterwards incurred in saving the vessel and balance of the cargo. The expense afterwards incurred was not for the protection of this lumber, nor necessary for such purpose. It had its own risks and perils to run while being forwarded to its destination. *Hugg v. Baltimore etc. Co.* 35 Md. 414; *Job v. Langton* 6 El. & Bl. 779.

It appeared that the vessel was sold under the decree of the United States court in the cases referred to for upwards of $1600, while evidence was introduced tending to show her value to have been $2000, and the jury was permitted to find either value as the basis of their verdict. This we are of opinion was erroneous. The vessel was actually sold and realized to the owner in the payment of the claims against her, upwards of $1600. In any action thereafter arising between such owner or his assignee and others interested in such claims for contribution, the actual amount for which the vessel was sold must be accepted as the true value. If the owner, in defending without good cause claims apparently legal, or otherwise, caused a sale and sacrifice of the vessel for less than her value, there would be good reason for permitting the actual value to be shown. Where, however, a sale has been made, even at a price above what some might consider the actual value, all interested therein should have the full benefit and advantage thereof.

We are of opinion, therefore, that for these reasons the judgment should be reversed with costs, and a new trial ordered.

The other Justices concurred.