AUGUST RASCH ET AL. v. GEORGE H. MOORE.

*Competency to serve a justice's summons.*

The "competent person" empowered by How. Stat. § 6827 to serve a justice's summons must appear to have been personally designated by the justice and must be selected upon sufficient inquiry to determine his competency.

Certiorari. Submitted May 7. Reversed May 13.

*Fick & Young* and *J. W. Donovan* for plaintiffs.

*James H. Pound* for defendant (plaintiff in certiorari). An infant cannot be a bailiff (Cro. Eliz. 637), nor an attorney (Co. Litt. 128 a), nor administrator (Lovelace 161 ; Godolphin 103), nor judge or juror (Co. Litt. 36), nor burgess or alder-

man (*Rex v. Carter* Cowp. 220), nor hold any office of responsibility or trust (*Cuckson v. Winter* 2 Man. & Ry. 313), nor be clerk of a court (*Claridge v. Evelyn* 5 B. & Ald. 81), nor serve writs: *Tyler v. Tyler* 2 Root 519; *Harvey v. Hall* 22 Vt. 211, and see *Edgerton v. Barrett* 21 Vt. 196; *Vail v. Rowell* 53 Vt. 109; *Maynard v. MacCrellish* 57 Cal. 355; *Howard v. Galloway* 60 Cal. 10; *Weil v. Bent* id. 603; *Guy v. Ide* 6 Cal. 99; *Miln v. Russell* 3 E. D. Smith 303; *Hahn v. Kelly* 34 Cal. 404; *People v. Dean* 3 Wend. 438.

CAMPBELL, J. Plaintiff sued out an original writ of certiorari to review a judgment rendered by Justice F. W. A. Kurth, of Springwells, Wayne county, in favor of respondents, which he claims to have been fraudulently obtained, and also to be void for want of jurisdiction.

The affidavit for certiorari sets out that plaintiff was discharged in bankruptcy in 1876, and has since had no dealings with defendants; that on November 28, 1884, the elevator boy in the Buhl block, Detroit, handed him a paper which turns out to be a copy of a summons in favor of defendants against George H. Moore, issued by Justice Kurth, and that knowing he was not indebted to defendants, and that there were other persons of the same name, he asked the boy to find out whether he was the person intended, and also wrote to defendants, who made no reply, and he gave it no further attention, and was informed by defendants' attorneys of the judgment when it had ceased to be appealable.

The justice's return shows a summons directed to "any constable or any competent person of said county," which he delivered to Fick & Young, attorneys for respondents, and which was returned with an affidavit of Arthur Waterfall that he had served it by delivering a copy, and that "he is a competent person." The justice did not appoint him, and had no knowledge of him not afforded by this affidavit. Waterfall was then a boy not 15 years of age. On the return-day, Mr. Rasch, one of the respondents, came with his attorney and put in a claim, the last item of which was more than nine years old, and recovered interest for more than nine years, on his oath that Moore was indebted to that amount.

We need not consider how far an outlawed claim is open

to dispute on default, as we think there was no jurisdiction.

We have no statute allowing a summons to be directed to any one but a constable, except by personal appointment of the justice. It cannot be directed generally to "any competent person." The statute (How. Stat. § 6827) declares a summons may be served " by any competent person." But there must be some determination who is a competent person, and unless the record shows it the service cannot be held good. And we have no doubt it must be determined before the writ is served. A person cannot be required to take his chances and appear before a distant justice upon a summons served by any one whom the party suing him may see fit to choose, whether young or old, native or alien, intelligent or ignorant, honest or dishonest. It is always supposed in law that there may be a legal redress for a false return, and where justices have, as here, a jurisdiction reaching $300, with no power to set aside their own judgments, and no appeal of right beyond five days, it would be a scandalous reproach if that jurisdiction could be made to attach without the action of some responsible and reliable process-server.

Our statutes have not left this in doubt, but have declared how the competency of such persons shall be determined. Sections 259 and 260 of the act concerning justices (How. Stat. §§ 7074, 7075), of which the section previously cited is a part, contain the rule on this subject. They provide as follows:

Sec. 259. " Every justice who shall issue any process authorized by this chapter, whenever he shall judge it expedient, on the request of a party, may, by written authority indorsed on such process, empower any proper person being of lawful age, and not a party or interested in the suit, to execute the same."

Sec. 260. " The person so empowered shall possess all the authority of a constable in relation to the execution of such process, and shall be subject to the same obligations, but shall not receive any fee or reward for his services thereon."

These sections say nothing about the method of making a return. In 1879, § 6827, providing how a summons shall be served, was changed so as to provide for its service by any

competent person, with proof by affidavit instead of certificate.

This change must be read with the rest of the statute, and it is evident that, inasmuch as no new rule of competency is declared, the one already provided for must apply. This required a personal appointment by the justice, after an inquiry, not only into age, but also into such other facts as would bear upon the propriety of selection, in a matter involving important consequences. It is entirely inconsistent with any idea that the writ may be directed at random, and served by anybody, employed without reference to age or character. The statute is too clear to admit of discussion.

The case presents some features which are not creditable, but which need not be considered, since the judgment is void for want of jurisdiction. It must be

Reversed, with costs.

The other Justices concurred.