LEROY MOORE AND JAMES TALBERT v. JENS HANSEN.

*Justices of the peace—Appeal—Action against indorser—Return—Jurisdiction.*

1. Where the return of a justice in an appeal case fails to show any jurisdiction over the defendant, or to set out a cause of action, the defendant, who did not plead below, is not bound to plead or make any defense at the circuit, and any judgment rendered against him is *fatally* defective on error, if not *void* on its face.

   So *held*, where a justice's return to an appeal from a judgment against an indorser undertook to set out a declaration containing no reference to any note on file, nor averment of service of notice of dishonor, and contained no recital of service of process, or of appearance or of default of the defendant, and was not accompanied by any summons or proof of service of summons, or evidence or copy of any note filed with the justice.

2. A defendant, when appealing, has a right to rely upon the justice's return *as made*, and a change therein which vitally alters the situation of the parties cannot be made, except upon a proper application and showing, and an opportunity to be heard on the motion.

Error to Montcalm. (Smith, J.) Argued June 11, 1889. Decided June 28, 1889.

Assumpsit against an indorser of a promissory note. Defendant brings error. Reversed and new trial denied. The facts are stated in the opinion.

*Newell Leonard* (*Charles W. Giddings*, of counsel), for appellant.

*Ellsworth & Rarden*, for plaintiffs.

CAMPBELL, J. This suit was brought before a justice of the peace in Montcalm county against defendant, as indorser of a promissory note of Willard Whitmore & Co., dated May 11, 1878, and payable to defendant's order in 30 days, for $292, with interest at 10 per cent. after maturity. The suit was brought on the last day of the sixth year after the note became due, before William N. Relyea, then a justice of the peace, the summons being issued June 13, 1884, and returnable June 24 thereafter. It now appears to have been served June 14, but questions arise concerning this that will be referred to below.

Justice Relyea rendered judgment on the return-day of the summons, defendant not appearing. Defendant appealed within five days, and the appeal papers were returned to the circuit court immediately thereafter. The appeal was not brought to hearing until December, 1888. Defendant did not plead in either court, so for as the record shows. The case was called on for trial by jury in the absence of Mr. Leonard, whose associate, Mr. Hoyt, was unable to procure a postponement by reason of such absence.

Judgment was rendered in the justice's court for exactly $300, there being no remission in form of any balance actually due beyond that sum. In the circuit court judgment was ordered for $433, which was the amount of the judgment before the justice, with interest thereafter on $292. Several

objections were made to the proceedings, partly jurisdictional and partly of a different character.

The return of the justice undertook to set out a declaration which contained no reference to any note on file, and which did not aver that notice of dishonor had been served on defendant. It contained no recital of service of process, or of appearance or of default of defendant. It was not accompanied by any summons or proof of service of summons, and no evidence or copy of any note filed with the justice.

Standing in this form, defendant was not bound to make any defense, and the case was not only lacking in any evidence of jurisdiction over defendant, but was also defective in setting out no cause of action. Defendant, therefore, was not bound to plead at the circuit, and any judgment rendered on that record would be fatally defective on error, if not void on its face.

After the delay from the summer of 1884 to December, 1888, the case was brought on for hearing. It does not appear who noticed it. No application was ever made for a further return, and when the case was called it stood on a return which gave no jurisdiction, and that objection, having been made when testimony was offered, should have prevailed until, if practicable, the record could be made right. The proof offered in the outset was made by the justice, who, it is claimed, being out of office, had no further powers. Plaintiffs' counsel produced the note with the notary's certificate, and showed it to him, and he swore they were the papers declared on below, and gave a computation of interest. There was no indorsement of any payment of principal or interest. He also swore to the identity of a summons and return showed to him. He was then, against the objection of defendant, who claimed the return showed no jurisdiction, allowed to give testimony concerning what happened before him, and among other things he swore that defendant appeared and applied for an adjournment, which he after-

wards retracted as incorrect. After some colloquy the court allowed an amended return to be filed, which had been already sworn to by Mr. Relyea, stating that by mistake he had failed to return the summons, and the note and protest filed as plaintiffs' declaration. This completed the proof, and the court ordered judgment.

These proceedings were erroneous. The defendant, when appealing, had a right to rely on the return as made, and upon that he was not bound to take any steps to plead or prepare testimony. The case plainly appeared bad for want of jurisdiction. Whether, after such a lapse of time, the return could be essentially amended, is at least questionable. But there is no doubt that a change in the return, especially one which vitally alters the situation of parties, cannot be made except upon a proper application and showing, and an opportunity to be heard on the motion. The change here made would, if allowed, entitle defendant to plead, which before there was no necessity of doing, as well as to raise any other questions called for. Whether the justice is out of office or not, this amendment was unauthorized, and the verification of it by an *ex parte* affidavit added nothing to its efficacy. The return must be regarded as standing as it did before. Standing thus, there was no jurisdiction to try the cause.

The judgment must be reversed, with costs of all the courts. There is nothing which would authorize a new trial.

The other Justices concurred.