FREDERICK GADSBY v. WILLIAM STIMER.

*Justices' summons—Authority to serve.*

1. The power given by How. Stat. § 7074, to a justice of the peace to empower a private person to serve process, is limited, and conditional upon the *request* of a party and the *fitness* of the person designated, *both* of which conditions must be shown in some responsible way.

2. Whatever presumptions exist as to the regularity of proceedings, enough must always appear to show jurisdiction; and, when that depends on anything unusual, the power must appear distinctly. *Moore v. Hansen,* 75 Mich. 564.

   So *held,* where a summons from justice's court was served by a private person, and the only authority for such action was found in an indorsement upon the summons by the justice of the appointment of such person to serve the summons.

3. It was pointed out in *Rasch v. Moore,* 57 Mich. 54, and *Ins. Co. v. Page,* 61 Id. 72, that the power for mischief which might come from a false return by a person appointed to serve process, under How. Stat. § 7074, makes it necessary to use care in selecting a *proper* person, who will be *responsible;* and the requirement of a *request* from the party for such appointment is also essential, so as to create a *personal* responsibility against mischief.

Error to Jackson. (Peck, J.) Argued January 14, 1890. Decided January 24, 1890.

Trespass. Defendant brings error. Reversed, and judgment of dismissal rendered for defendant. The facts are stated in the opinion.

*Dwight D. Root,* for appellant.

*A. E. Hewett,* for plaintiff.

CAMPBELL, J. Gadsby sued Stimer before a justice, D. G. Palmer, of Jackson county. The summons was dated November 13, 1886, directed to any constable of

the county.  The following indorsement was put upon it:

"I hereby appoint Jotham Bryant to serve the within summons.        D. G. PALMER, Justice of the Peace."

No showing appears in the justice's proceedings to support the appointment of Bryant, as to age or lack of interest; and it does not appear from the indorsement, or otherwise, that he was appointed on plaintiff's request. Defendant appeared specially, and objected to the jurisdiction for want of authority in Bryant.  The objection was overruled, and judgment rendered for plaintiff. Defendant appealed specially, setting up Bryant's want of authority.  The justice made a return which, so far as this point is concerned, showed nothing more than the summons and indorsement, and gave no explanation of the appointment.   The circuit court overruled the jurisdictional question, and the case comes up on error.

Section 7074, How. Stat., has been under consideration heretofore in *Rasch v. Moore*, 57 Mich. 54 (23 N. W. Rep. 456), and *Union Mut. Fire Insurance Co. v. Page*, 61 Id. 72 (27 N. W. Rep. 859).  It provides that a justice,—

"Whenever he shall judge it expedient, on the request of a party, may, by written authority indorsed on such process, empower any proper person, being of lawful age, and not a party or interested in the suit, to execute the same."

The power given is not general, but limited and conditional, requiring—

1. The request of a party.
2. The fitness of the person designated.

It was pointed out in those cases that the power for mischief which may come from a false return makes it necessary to use care in selecting a proper person, who will be responsible.  The requirement of a request from the party is also essential, so as to create a personal

responsibility against mischief. No one can be allowed to fill the room of a public officer, except under the statutory conditions. And it is a general legal rule that exceptional authority must always be shown in some responsible way. There can be no absolute presumption that a process-server appointed by a justice is legally appointed, without some showing of the necessary facts. If a party appears without objection, the appearance cures any irregularity of service; but when a party refuses to appear, and raises the question, he has a right to have the facts placed of record in some way which will show how the action was taken. Here the justice's docket shows nothing, and his return shows nothing. It does not even appear that the appointment did not originate with the justice of his own motion. As the special appeal called his attention directly to this defect, it must be presumed that he has returned all that appears in his docket or files on the subject. Whatever presumptions exist as to regularity of proceedings, there must always appear enough to show jurisdiction; and, when that depends on anything unusual, the power must appear distinctly. This was held in *Moore v. Hansen*, 75 Mich. 564 (42 N. W. Rep 981), where it was decided that all facts necessary to give jurisdiction to proceed must appear. As the justice returned nothing from his records, and stated no facts outside of his records which showed the right to make the appointment at all, or what were Bryant's qualifications, the case is fatally defective, and should have been quashed.

The judgment of the circuit court must be reversed, and judgment rendered of dismissal for defendant, with costs of all the courts.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred. MORSE, J., did not sit.