## WILLIAM STIMER v. JOTHAM BRYANT.

[See 79 Mich. 260.]

*Illegal service of process—Action—Malicious prosecution.*

A judgment in justice's court, based upon the service of a summons by a private person, who was not properly designated for that purpose under the statute, was affirmed on special appeal in the circuit court, and reversed in the Supreme Court, with costs to the defendant. And it is held that all of the damages suffered by the defendant were the result of the decisions of the courts in holding that the summons was legally served, and for which he had received the full benefit of the only remedy afforded by law, viz., a judgment for costs.

Error to Jackson. (Peck, J.)    Argued January 6, 1891. Decided February 6, 1891.

Case.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*Dwight D. Root,* for appellant.

*J. A. Parkinson,* for defendant.

GRANT, J.    One Frederick Gadsby brought suit in justice's court against the plaintiff.    The justice placed the summons in the hands of the defendant, Bryant, for

service. Bryant was not an officer. The defendant served and returned the summons. Plaintiff appeared specially, and moved to quash the suit for want of jurisdiction. The justice overruled the objection, and judgment was rendered against the plaintiff. Plaintiff then took a special appeal to the circuit court, which sustained the judgment in the justice's court. Plaintiff thereupon appealed to this Court, and the judgment was reversed. *Gadsby v. Stimer*, 79 Mich. 260. The costs of the plaintiff in that suit were taxed at $130.03.

After the decision of this Court in that case, plaintiff brought this action on the case. His allegations of liability are—

1. That the defendant, contriving and wrongfully, wickedly, and unjustly intending to injure the said plaintiff, and to deprive him of his private and public credit and the quiet enjoyment of his property, did unlawfully, wrongfully, wantonly, and without any authority whatever so to do, serve upon said plaintiff a summons,—describing the summons in *Gadsby v. Stimer*.

2. That said defendant, knowing that said justice had no jurisdiction in said cause, did wrongfully, unlawfully, and negligently testify therein, and by his evidence wrongfully, unlawfully, and negligently aided, assisted, and caused said justice to render judgment against him for $25 damages, and $3.43 costs of suit.

3. That said defendant also with like negligence testified upon the trial in the circuit court.

The declaration then alleges that Gadsby has neglected and refused to pay the costs of that suit, and owns no property subject to execution, and therefore plaintiff claims the right to recover these costs against the defendant. The defendant demurred to the declaration, alleging that it sets forth no cause of action. The demurrer was sustained, and plaintiff appeals.

It is difficult to see upon what ground the defendant could be held liable for the service of a summons held to

be valid by both the justice's and circuit courts. It is more difficult to see upon what theory of the law the defendant could be held liable for appearing as a witness in the case. The declaration does not make out a case of malicious prosecution. It does not set out that Gadsby had not a good cause of action against plaintiff. That issue does not appear to have been made, the plaintiff choosing to rely upon the alleged invalidity of the service, which was finally decided in his favor. It does not allege that the process was illegally or improvidently sued out; nor that the suit was instituted with malicious intent; nor that plaintiff had any defense to the action; nor that the justice acted in bad faith; nor that there was any concert of action between defendant and Gadsby to injure plaintiff; nor that the defendant's testimony was untrue; nor that he in any manner influenced the decision of the justice or of the circuit court in sustaining the validity of the service. There is no allegation in the declaration of any violation of legal duty to the plaintiff, nor of any wrongful conduct for which the defendant can be held liable. All the damages suffered by the plaintiff were the result of the decisions of the courts in holding that the service of the summons was legally made. For these damages the plaintiff has received the full benefit of the only remedy afforded by the law, viz., judgment for costs.

Judgment affirmed.

The other Justices concurred.