PATRICK CONNOLLY vs. CATHERINE DOLAN *et al.*

PROVIDENCE—APRIL 20, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Contribution.  Suretyship.*

The right of a surety to contribution from a co-surety for costs and expenses
incurred in defending a suit depends on the question whether the defence
was prudent.  If it was, both costs and counsel fees may be recovered.

The fact that a surety by defence to a suit brought upon a joint obligation
reduced the claim to the extent of $1,000, shows that the defence was pru-
dent.

BILL IN EQUITY to enforce contribution.  Heard on motion
to amend decree.  Motion denied.

MATTESON, C. J.  This is a motion on behalf of Mabel
Dolan, an infant respondent, to modify the decree heretofore
entered in the cause.  The complainant was co-surety with
Michael Dolan, deceased, father of the infant respondent, in a
probate bond.  Subsequent to the decease of Michael Dolan,
suit was brought on this bond, against the complainant as the
surviving co-surety, for the default of the principal.  The
complainant defended against the suit, and on his defence
reduced the claim under the bond from $2,600, or there-
abouts, to $1,500 ; so that the estate of Michael Dolan, the
deceased surety, was benefited by the defence to an amount
upwards of $500.  The purpose of the motion is to reduce the
amount awarded to the complainant by the decree to the ex-
tent of $136.62, which represents one-half of the costs and
counsel fees incurred by the complainant in the defence of
the suit on the bond.

(1)   We do not think that the motion comes with good grace,
in view of the benefit received by the estate of the deceased
in consequence of the defence of the suit, and we see no rea-
son for modifying the decree.  The right of a surety to con-
tribution for costs and expenses incurred in defending a suit
depends on the question whether the defence was prudent.

If it was, the expenses of the defence may be recovered, and there seems to be no difference in principle between costs and counsel fees in this respect. *Fletcher* v. *Jackson,* 23 Vt. 581 ; *Davis* v. *Emerson,* 17 Me. 64 ; *Wagenseller* v. *Prettyman,* 7 Ill. App. 192 ; *Bright* v. *Lennon,* 83 N. C. 183 ; *Backus* v. *Coyne,* 45 Mich. 584 ; *Gross* v. *Davis,* 87 Tenn. 226 ; *Van Winkle* v. *Johnson,* 11 Oregon, 469, 472 ; Brandt on Surety- ship & Guaranty, § 283. In view of the large reduction in the claim, it cannot be said that the complainant did not act prudently in making his defence.

In support of the motion it is contended that the respondent should not be held liable for costs and counsel fees, because these were no part of the contract obligation ; that the con- tract of the sureties was with the obligee in the bond to pay the bond debt in case of default of the principal, and that it did not extend to the payment of costs or counsel fees, and hence that the doctrine of contribution ought not to be ex- tended to embrace such costs and counsel fees. Several cases were cited to the effect that such expenses are not recoverable unless they had been authorized by the surety from whom recovery is sought, or were incurred in a suit to which such surety was a party. These cases were *Knight* v. *Hughes,* 3 Car. & Payne, 467; *John* v. *Jones,* 16 Ala. 454; *Greely* v. *Dow,* 2 Met. 176; *Warner* v. *Morrison,* 3 Allen, 566; *New- comb* v. *Gibson,* 127 Mass. 396; *Boardman* v. *Paige,* 11 N. H. 431; *Hayes* v. *Morrison,* 38 N. H. 90.

The right of contribution between sureties, it is conceded, does not depend on contract, but is an equity growing out of the relation based, perhaps, on an implied understanding that the burden created by the joint undertaking shall be equally borne and expressed in the maxim that, as between sureties, equality is equity. A part of the burden created by the joint undertaking, when it becomes necessary for a co-surety, who is sued alone, in the exercise of reasonable pru- dence to defend against the suit, is the expense of making his defence ; that is, the costs and counsel fees necessarily and prudently incurred. Hence, if the sureties are to be put

on an equal footing, the surety not sued should be required to contribute his fair share of such expenses ; otherwise there is no equality.   For this reason we think the cases which allow the recovery of the expenses of suit, including costs and counsel fees, if prudently incurred, more consonant with equity and natural justice than the cases which hold to the contrary, and, therefore, founded on better reasons.

Motion denied.

*Samuel T. Douglas and Frederic A. Greene,* for complainant.

*McGuinness & Doran, and Arthur Cushing,* for respondents.