## TOWNSHIP OF OVID *v.* HAIRE.

1. JUSTICES OF THE PEACE—JURISDICTION—WAIVER—APPEAL—GENERAL ISSUE.

   By pleading the general issue in the circuit court on an appeal from a justice of the peace, defendant waives any objections to the jurisdiction of the justice because of defects in the process or irregularities in adjournments.

2. SAME—DECLARATION—AMENDMENT.

   By such plea defendant also admits that there was a declaration, so as to justify the court in permitting plaintiff to amend the same.

3. SAME.

   Where a justice's return on appeal stated merely that "plaintiff declared verbally," without reciting the substance of the declaration, but accompanying such return was a statement by the county treasurer of uncollected personal taxes, among which was a charge against defendant, and a plea of the general issue was interposed, plaintiff was properly permitted to amend the declaration by setting up a claim to recover such taxes.

4. PERSONAL TAXES—SUIT TO COLLECT—AUTHORITY OF TREASURER.

   A township treasurer may bring suit in the name of his township to recover a tax on personal property, when authorized so to do by the supervisor.

5. SAME—EVIDENCE.

   The testimony of the treasurer that he was so authorized is competent to establish that fact.

6. SAME—DOMICILE—QUESTION FOR JURY.

   Evidence in an action to collect a personal tax *held* sufficient to authorize the submission to the jury of the question of defendant's residence in the plaintiff township.

Error to Clinton; Stone, J.    Submitted April 9, 1903. (Docket No. 13.)    Decided May 29, 1903.

*Assumpsit* by the township of Ovid against James

133 MICH.—23.

Haire for taxes on personal property.    From a judgment
for plaintiff, defendant brings error.    Affirmed.

Plaintiff sued defendant in justice's court to recover the
amount of taxes assessed against him upon personal prop-
erty.    Summons was duly served, and defendant appeared
specially, and objected to the jurisdiction of the court
upon the ground that the summons issued was not such a
summons as the law required to be served upon a non-
resident; defendant claiming to be a nonresident.    The
objection was overruled, and the case was twice adjourned.
Defendant took no further part in the trial before the jus-
tice, and judgment was finally rendered against him.    He
took a special as well as a general appeal to the circuit
court.    The court overruled the special appeal, and there-
upon he pleaded the general issue.    Upon the trial de-
fendant seasonably objected to any evidence under the
pleadings upon the ground that the declaration did not set
forth any cause of action.    Thereupon plaintiff was per-
mitted to amend its declaration, and at the same time
filed a bill of particulars, showing plaintiff's claim to
be $120.86, taxes assessed against the defendant upon
personal property for the year 1900.    The case proceeded
to trial, resulting in a verdict for the plaintiff.

*A. G. Shepard*, for appellant.

*Fred R. Everett* (*John C. Dooling*, of counsel), for
appellee.

GRANT, J. (*after stating the facts*).    The objections
made to the jurisdiction of the justice's court were waived
by the plea of the general issue.

The return of the justice did not state the substance of
the declaration; it simply states that the plaintiff declared
verbally.    Among the papers returned by the justice was
a statement by the county treasurer of uncollected personal
taxes, on which was the amount assessed against the
defendant.    This paper showed the claim against the

defendant. Defendant relies upon those authorities holding that an amendment cannot be allowed in the circuit court which states a different cause of action than that stated in the justice's court; citing, among other authorities, *Loranger* v. *Davidson*, 110 Mich. 605 (68 N. W. 426), and *Moore* v. *Hansen*, 75 Mich. 564 (42 N. W. 981). If defendant had interposed no plea, his objection might be good under *Moore* v. *Hansen.* If there was no declaration, there was nothing for the defendant to plead to. He evidently understood that there was a declaration, which was undoubtedly true, for the justice returned that there was one, but did not state its substance. The defendant, by his plea of the general issue, admitted that there was a declaration. This being so, the liberal rules of amendment apply. We think there was no error in permitting the amendment.

The treasurer testified that the chairman of the town board, who was the supervisor, authorized him to bring the suit. This testimony was competent to establish such authorization. When so authorized, the treasurer may bring such suit. *Township of Bangor* v. *Transportation Co.*, 112 Mich. 601 (71 N. W. 143).

The meritorious question in the case is that of defendant's residence. He was formerly a farmer, living in the township. He was a bachelor, but kept house, his sister being his housekeeper. He testified that on the 15th day of March, 1899, he made an auction, and sold his personal property, live stock, tools, etc., also his household goods that were salable; that he had rented his farm, but reserved one room for his sister's household goods and some of his own things; that when he left Ovid he intended to make Detroit his home; that he had been back to Ovid several times, but only on account of business; that when he left Ovid he had no intention of making that his home again; that, after living in Detroit a while, he moved to Windsor, Canada. He kept house in neither place. He testified that there might be a little hay belonging to him upon the farm. We think his residence was, under the

circumstances, a proper question for the jury. The court gave very explicit and fair instructions upon this point, telling them that, if the defendant actually moved away, and was an inhabitant of some other place, and resided elsewhere, that would be conclusive in his favor.

We find it unnecessary to discuss any of the other questions raised.

Judgment affirmed.

The other Justices concurred.