ARCHER *v.* LAIDLAW.

1. COURTS—JURISDICTION—BONDS—PRINCIPAL AND SURETY.
   A showing that a judgment on a bond had not been paid by the sureties is not a showing that the court rendering a judgment in favor of the sureties and against the principals for the same claim had no jurisdiction of the subject-matter.

2. PRINCIPAL AND SURETY — JUDGMENT — PAYMENT AND ASSIGNMENT.
   Where the sureties on a bond furnished the money to pay a judgment rendered thereon, and had it assigned to a third person, they were entitled to recover the amount thereof from the principals, although the original judgment had not been discharged or satisfied of record.

Appeal from Wayne; Rohnert, J. Submitted November 5, 1903. (Docket No. 96.) Decided November 17, 1903.

Bill by John Archer and John C. McDonald against Thomas W. Laidlaw, James R. Laidlaw, Ada G. Strachan, and the Springfield Savings Bank, in aid of execution. From a decree for complainants, defendant Strachan appeals. Affirmed.

*Flowers, Moloney & Bishop*, for complainants.

*William Stacey*, for appellant.

HOOKER, C. J. The facts of this case, stated in chronological order, are as follows: On July 10, 1897, the complainants became sureties on a paving bond, in which James and Thomas Laidlaw were the principals, running to the city of Battle Creek. Default was made, and Higley and other materialmen brought an action on the bond, which resulted in a judgment against the Laidlaws on October 17, 1899. On April 15, 1899, while said suit was

pending, James R. Laidlaw conveyed the property involved in this cause to defendant Strachan. On November 1, 1899, an execution was issued, returnable November 24, 1899. On November 13, 1899, the judgment was assigned to Archibald Grant, at the instance of the complainants, who paid for the same, and gave the judgment creditors an agreement of indemnity against further costs, liabilities, or damages. On November 27th the execution was returned unsatisfied, and on the same day an *alias* execution was issued without complainants' knowledge or authority. It was ordered to be issued by the attorneys for the judgment creditors. This execution was returnable December 20, 1899, and was levied upon the property in question on the same day of the issue. Two days later, and on November 29, 1899, the complainants commenced an attachment suit against the defendants Laidlaw, and caused the writ to be levied on the lands in question. Both defendants were nonresidents, and had no other property discoverable in Michigan, and the writ of attachment was not personally served, but subsequently and seasonably they were personally served with notice of the attachment, and in due time they were defaulted, and judgment followed in favor of the complainants for $762.37 and costs, $31.35. Execution was issued and levied upon the property attached. The bill in this cause was then filed in aid of execution. All defendants were personally served with writ or order of publication. The bill was taken as confessed by the Laidlaws, and Strachan appeared and answered, leaving complainants to their proof of most of the allegations of the bill, but denying that the premises were conveyed in fraud of complainants' rights, and denying that they had a right to have her conveyance set aside. She has appealed from an adverse decree. Her counsel claims that the bill cannot be sustained for two reasons: (1) The judgment is void; (2) the conveyance was not made to defraud creditors.

Was the judgment void? Counsel says this appears, because "there is no allegation or proof that the original

judgment has been satisfied, while the evidence shows that it has not been, and that this was a condition precedent to a right of contribution, and because of its nonexistence the court had no jurisdiction of the subject-matter of the [attachment] suit, and its judgment is void;" citing *Backus* v. *Coyne*, 45 Mich. 586 (8 N. W. 694). That case is one where a surety sued a co-surety for contribution. It was held that no recovery could be had unless there had been payment or assumption of the demand. It was not held that the court had no jurisdiction, nor that the judgment was void. Two other Michigan cases are cited in support of this claim, viz., *Moore* v. *Hansen*, 75 Mich. 564 (42 N. W. 981); *Gadsby* v. *Stimer*, 79 Mich. 260 (44 N. W. 606). The most that can be claimed for these is that a judgment is void where the record of a justice of the peace fails to show that he had jurisdiction of the parties. In the attachment case the record shows jurisdiction under the writ of attachment and levy. The declaration contains counts upon which the court had jurisdiction to render a judgment. There is nothing in this record to show a want of jurisdiction, or, for that matter, even that there was error in the proceeding or judgment rendered.

It is urged that the judgment in favor of Higley has not been paid, because it appears that a levy was made, and that the judgment has not been discharged or satisfied of record. We do not know what the trial court decided about this, and we have no right to assume, from that record, that the judgment afterwards taken was not based upon another and different claim. But, if it was material, the testimony in this record shows that the money was furnished by the complainants to pay the judgment, and, though an assignment was taken to Grant, it did not preclude a judgment in the attachment case.

Was the conveyance void? The defendant offered no evidence, and this question rests on complainants' proof. If the case is not ruled by *Crane* v. *Waldron*, 133 Mich.

73 (94 N. W. 593), the proof shows to our entire satisfaction that the conveyance to Strachan was a subterfuge and in fraud of creditors.

The decree is affirmed, with costs.

The other Justices concurred.