,    MARR v. COOK.                         147  425
                                                       f150 ³553

1. JUSTICES OF THE PEACE—APPEALS—AMENDED RETURN—PAY-
   MENT OF FEES.
     Plaintiff in a suit originating in justice's court cannot complain
     that the circuit court on appeal erred in compelling the jus-
     tice to make an amended return because the justice was not
     paid for making such return, only the justice being entitled
     to raise such question, and it being necessary that he should
     raise it before making the return.

2. SAME—APPEARANCE IN CIRCUIT COURT—EFFECT.
     A defendant in justice's court who has taken a special appeal
     has submitted himself to the jurisdiction of the circuit court,
     and his general appearance in that court does not enlarge
     that jurisdiction nor waive his right to ask further returns
     from the justice.

3. SAME—APPEARANCE—EFFECT.
     A statement by defendant's counsel, when appearing in justice's
     court on the return day, that he appears "specially," suffi-
     ciently indicates an intention to reserve the right to question
     the jurisdiction of the court, though no specific objection is
     stated until the adjourned day.          •      .

4. ATTACHMENT—BOND—NECESSITY.
     A justice of the peace obtains no jurisdiction by attachment
     proceedings in which the writ is issued before a bond is filed.

Error to Lenawee; Chester, J.   Submitted October 5,
1906.   (Docket No. 17.)   Decided March 12, 1907.

Attachment proceedings in justice's court by Daniel
Marr against George S. Cook.   There was judgment for
plaintiff, and defendant took a special appeal to the circuit
court.   The judgment was set aside by the circuit court,
and plaintiff brings error.   Affirmed.

*Smith, Baldwin & Alexander*, for appellant.

*William J. Ingersoll*, for appellee.

CARPENTER, J.  Plaintiff commenced this suit by writ of attachment before George R. Kilbury, a justice of the peace for the county of Lenawee.  A summons was also issued because, as the justice returns, "he thought it was necessary to have a summons."  Certain property of defendant was seized upon the writ of attachment, and a copy of the writ and summons personally served upon defendant, but no bond whatever was given.  On the return day of the writ, defendant appeared "specially" and asked an adjournment.  Upon the adjourned day he again appeared "specially" and objected to the jurisdiction of the court "because no bond was filed in the case before a writ was issued."  This objection was overruled, and defendant withdrew from further participation in the proceedings.  The justice thereupon, at the request of the plaintiff, granted another adjournment.  On that second adjourned day defendant did not appear.  Plaintiff filed a bond which the justice's docket recites was omitted when the writ was issued.  The suit was tried, and judgment rendered in plaintiff's favor for $64 damages and $9.95 costs of suit.  To review this judgment, defendant took a special appeal to the circuit court.  That court compelled the justice to make a second and third amended return, from which the facts herein stated appear, and determined therefrom that the justice erred in overruling defendant's objection to his jurisdiction, and set aside the judgment rendered by him.

Plaintiff contends that this was error and seeks a reversal in this court.

1. The first question demanding our consideration arises from plaintiff's contention that the circuit court erred in compelling the justice to make a second and third amended return—without such returns the record would not show the most important of the foregoing facts—upon the ground that the justice was not paid for making those returns. Plaintiff cannot raise this objection.  It is an objection which could only be raised by the justice, and he should have raised it before making the return.  See section 923,

1 Comp. Laws. See, also, *Stevenson* v. *Kent Circuit Judge*, 44 Mich. 162.

2. It is contended that defendant waived the right to ask for further returns, because before asking for them he had appeared generally in the circuit court. I think this general appearance had no effect because defendant by appealing to the circuit court had already submitted himself to its jurisdiction. His subsequent general appearance did not enlarge that jurisdiction or change his relations to the court or to the cause in any manner whatsoever. Defendant had then the same right to ask for these returns that he had before he entered a general appearance.

3. It is contended that defendant's appearance on the return day was a waiver of any objection to the jurisdiction because, though he indicated that he appeared specially, he nevertheless appeared generally because no objection to the jurisdiction was specified. No authorities are cited in support of this contention, and I do not think it reasonable. I think we should give to the word "specially" the construction which would ordinarily be accorded it. The statement of counsel that he appeared specially is certainly a statement that he does not appear generally, and it is a sufficient indication of an intention to reserve the right to question the jurisdiction of the court.

4. This brings us to the meritorious question in the case: Did the justice err in overruling defendant's objection to the jurisdiction? That the justice did not get jurisdiction of the attachment suit because of the failure to file a bond is too obvious to require discussion or citation of authorities. Plaintiff's counsel contend that though the justice had no jurisdiction of the attachment suit, he had jurisdiction to render a personal judgment against defendant, and they also contend that because the return of the justice shows that during the proceedings before him— precisely when it is difficult to say—the attached property was returned to defendant, that the effect of those pro-

ceedings was merely to give plaintiff a "personal judgment against defendant, and that the proceedings by attachment are out of the case." Unfortunately for this argument the docket and minutes of the justice fail to show what his return shows, viz., that the attached property was ever redelivered to the defendant. They show the proceedings in the suit as if it were an ordinary attachment suit. The judgment from which defendant seeks relief is the judgment shown by the justice's docket and minutes. That is a judgment in an attachment suit, and is in no sense merely a personal judgment. That judgment was erroneous, and the learned circuit judge very properly vacated it.

5. Plaintiff complains of the amount of costs taxed against him in the circuit court. We think he has no just ground for complaint. If he had, he should seek relief by mandamus, and not by writ of error.

The judgment is affirmed.

McALVAY, C. J., concurred with CARPENTER, J.

HOOKER, J. I concur in the result reached in the opinion of Justice CARPENTER upon the ground that the justice obtained no jurisdiction. Neither the writ of attachment nor the summons was served by one shown to be competent. See *Rasch* v. *Moore*, 57 Mich. 54; *Union Mut. Fire-Ins. Co.* v. *Page*, 61 Mich. 72; *Gadsby* v. *Stimer*, 79 Mich. 260.

I also concur in what is said regarding the insufficiency of the attachment bond. I think it unnecessary to decide whether the summons would have conferred jurisdiction had it been properly served, or whether, if so, the judgment could be sustained. Except as above indicated, I concur with Justice CARPENTER.

OSTRANDER and MOORE, JJ., concurred with HOOKER, J.