### SCHRAM v. SPIVACK et al.
### No. 1977.

District Court, E. D. Michigan, S. D.

Nov. 9, 1946.

452

Robert S. Marx and Lawrence I. Levi, both of Detroit, Mich., for plaintiff.

Jacob & Muller, of Detroit, Mich., for defendant Spivack.

Bernstein & Bernstein, of Detroit, Mich., for defendant Carr.

LEDERLE, District Judge.

### Findings of Fact.

1. This case is presently before the court for decision on the petition of defendant Abe Carr, also known as Abraham Carr, for an order declaring the judgment herein satisfied. This petition was sworn to by defendant Carr, and was predicated upon the theory that the liability and judgment herein were joint against said defendant and his co-defendant, Daniel Spivack, being based upon promissory notes signed by Spivack, as maker, and Carr, as payee-endorser, and that defendant Spivack having paid the amount of the judgment in exchange for an assignment of the judgment, this operated as a payment and discharge of such joint judgment, rendering the assignment a nullity.

2. This petition was answered by an affidavit of defendant Spivack to the effect that the promissory notes had been made for the sole benefit and accommodation of defendant Carr, and that defendant Spivack had received no value, consideration or benefit in connection therewith.

3. Thereupon, defendant Carr filed a second affidavit, in which he claimed that the notes had been given for the sole benefit and accommodation of defendant Spivack, without value, consideration or benefit to defendant Carr, and that the proceeds had been used as defendant Spivack's contribution as a partner with defendant Carr in a business known as Superior Collar Company.

4. A hearing was held in open court, at which witnesses were sworn and exhibits introduced. Both defendants testified that the underlying notes were accommodation paper, but their testimony was diametrically opposed as to which of them had been the party accommodated. Defendant Spivack also testified as to attempts to get defendant Carr to satisfy the obligation, and, in particular, that on a recent occasion defendant Carr had admitted the liability as his and agreed to discharge it, which testimony was neither contradicted nor challenged.

5. The judgment was entered herein on May 17, 1941, against both defendants, for $1103.99. It was not joint in form, nor did the pleadings claim a joint liability. This suit was a revival of a former judgment entered August 6, 1930, in case number 153,260 in the Circuit Court for Wayne County, Michigan, which judgment ran against both defendants, but was not joint in form. This former judgment was based upon two promissory notes, of which defendant Spivack was maker and defendant Carr the payee and endorser. They were made and discounted in Detroit at the Peoples Wayne County Bank, predecessor of plaintiff back. One was dated January 2, 1930, in the amount of $70, and was payable 3 months after date. The other was dated February 5, 1930, in the amount of $550, and was payable 3 months thereafter.

6. The aforesaid notes were the final of a series of renewals of former notes for larger amounts. The original notes and all renewals were given for the sole accommodation and benefit of defendant Carr, with no benefit, value or consideration being received by defendant Spivack, who merely lent his name to defendant Carr.

7. The judgment herein is now owned by the defendant Spivack by assignment from First Liquidating Corporation, dated October 17, 1944, which corporation had received an assignment of the judgment from the plaintiff on December 31, 1943. The liability of defendant Carr on such judgment has not been paid, satisfied or discharged. Defendant Spivack, as assignee of the judgment, is presently attempting to collect it by process in accordance with the existing Michigan state practice.

Conclusions of Law.

1. Where, as here, there is no federal statute, the procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution on judgment, shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought. Federal Rules of Civil Procedure, Rule 69(a), 28 U.S.C.A. following section 723c.

2. Although several parties to any bill or note are sued thereon in one action in Michigan, their rights and responsibilities, between each other, remain the same. M.S.A. 27.667 and 27.668, Comp.Laws 1929, §§ 14023, 14024.

3. In Michigan, the liability of the maker and the endorser of a note is not joint but several. Church v. Edson, 1878, 39 Mich. 113.

4. Where a party,.such as defendant Spivack here, signs negotiable instruments as maker, without receiving value therefor and for the purpose of lending his name to some other person, he is an accommodation party, and, as between himself and the party accommodated, he is only secondarily liable, and upon payment of the liability, is entitled to be exonerated by the party accommodated. M.S.A. 19.71, Comp.Laws 1929, § 9278; Lamberson v. Love, 1911, 165 Mich. 460, 130 N.W. 1126.

5. Where contribution or exoneration may be had among codebtors, those of them who lift the common judgment liability and take an assignment of the judgment are entitled to use it as an aid in enforcing contribution or exoneration. 31 Am.Juris. p. 360; Smith v. Rumsey, 1876, 33 Mich. 183; Archer v. Laidlaw, 1903, 135 Mich. 88, 97 N.W. 159.

6. Accordingly, it follows that the judgment herein is still valid and subsisting against defendant Carr, that. defendant Spivack presently owns the judgment by assignment and is entitled to enforce it against defendant 'Carr, and an order is being entered simultaneously herewith, overruling petition for order declaring the judgment satisfied.