THE UNION MUTUAL FIRE INSURANCE CO. OF KENT, BARRY, AND IONIA COUNTIES v. ELIZA J. PAGE.

*Justice's summons—Authority of person serving under How. Stat. Sec. 6827, must be indorsed on writ—Section must be read with Sections 7074–5— Competency of person must be determined by justice, after due investigation made before appointment—Record must show such determination—A showing that a person has no direct interest in result of suit raises inference that he has an indirect interest—Objection to service, supported by affidavit showing incompetency—Duty of justice to investigate into truth of charges—If uncontradicted, in absence of such investigation and adverse determination, to be taken as true.*

1. The authority of the *"competent* person" authorized to serve a jus-

tice's summons under How. Stat. Sec. 6827,[1] must be *indorsed* on the writ by the justice.  Otherwise such service will give the court no jurisdiction.

2. How. Stat. Sec. 6827, must be read with sections 7074–7075[1] of the same chapter, and the justice must determine, after due investigation as to age and other qualifications, the question of *competency*, before making the statutory appointment; and his record must show such determination.  *Rasch v. Moore,* 57 Mich. 56–7.

3. An insurance company brought suit for an assessment, and the justice appointed one Coleman, its secretary and treasurer, to serve the summons, who made the proper return.  On the return-day the defendant appeared specially and objected to the jurisdiction of the court, filing an affidavit showing the official character of Coleman, and that he was to receive ten per cent. of the assessment, if collected, for his services.  The objection was overruled, and in his return to a writ of *certiorari* the justice stated that before issuing the summons Coleman was sworn as to his competency, and said that he was of lawful age, a citizen of the State, and a resident of the city in which the justice resided, and had no direct interest in the result of the suit; that he was at work for plaintiff by the day, for wages, but gave no evidence on the subject of his official relation to the company.

*Held,* that this showing, upon its face, did not show Coleman to be a competent person; that his denial of any *direct* interest in the result of the suit left an inference that he had an *indirect* one, and that it was the duty of the justice to investigate into the truth of the charges contained in defendant's affidavit, which, in the absence of contradiction or investigation, and *adverse* determination, must be taken as true; and that he was ousted of jurisdiction.

Error to Kent.  (Montgomery, J.)    Argued April 14, 1886.   Decided April 22, 1886.

Assumpsit.  Plaintiff brings error.  Affirmed.  The facts are stated in the opinion.

---

[1] How. Stat. § 7074.—"Every justice who shall issue any process authorized by this chapter, whenever he shall judge it expedient, on the request of a party, may, by written authority *indorsed* on such process, empower any person being of lawful age, and not a party or *interested* in the suit, to execute the same."

§ 7075.—"The person so empowered shall possess all the authority of a constable in relation to the *execution* of such process, and shall be subject to the same obligations, but shall not receive any fee or reward for his services thereon."

NOTE.—In 1879, § 6827, How. Stat., was amended so as to provide for the service of a summons by any competent person, and that proof of such service, by affidavit filed in the cause, should have the same effect as if served by a constable.  These three sections were construed in *Rasch v. Moore,* 57 Mich. 56–7.  (See head-notes 1 and 2.)

*Harvey Joslin*, for appellant:

The third assignment of error, viz.: "that the person who served the summons in the cause was at the time of such service, and still is, interested in the result of the suit," is too general to be considered. In *certiorari* cases the statute (How. Stat. Sec. 7032) provides that the grounds upon which the allegation of error is founded must be specially set forth: *Fowler v. D. & M. Ry. Co.*, 7 Mich. 79, 82–3; *Welch v. Bagg*, 12 Id. 43; *Lake Superior Building Co. v. Thompson*, 32 Id. 295; and the error must affirmatively appear, and cannot be presumed, every intendment being in favor of the judgment: *Witherspoon v. Clegg*, 42 Mich. 484; *Case v. Frey*, 24 Id. 251; *G. T. Ry. Co. v. Russ*, 47 Id. 500.

The assignments of error not being sufficiently specific, the facts set up in the affidavit cannot be considered, because not supported but contradicted by the justice's return, which is conclusive as against such an affidavit: *Rawson v. McElvaine*, 49 Mich. 194; *Galloway v. Corbitt*, 52 Id. 460.

*Thomas B. Wilson* and *Maher & Felker*, for defendant:

There was no record made showing that the justice had inquired as to the competency of Coleman to make service of the summons, or that Coleman had been authorized to serve the same, and the service was insufficient to confer jurisdiction: *Rasch v. Moore*, 57 Mich. 56; and there was an affirmative and uncontroverted showing made by defendant's affidavit that Coleman was secretary and treasurer of the company, and interested in the result of the suit, at the time the justice overruled his objection to his proceeding with the cause, and entered judgment; and this fact was the *basis* of the decision in the court below.

In his return to the *certiorari* the justice states that before issuing the summons in the cause, he ascertained by "*legal evidence*" that Coleman was a competent person to serve the same, and that he was not then an interested party to the suit, *except as he was in the employ of said company, working by the day for wages.* The circuit court made an order requiring the justice to return *all* the evidence adduced touching the competency of Coleman to serve the summons, and he then returned that Coleman testified he was of lawful age, a citizen of the State, and a resident of the city of Grand Rapids, and that he had no *direct* interest in the result of said suit; that he was at work for said company by the day,

for wages. It thus appears that the testimony on which the justice assumed to act in determining that Coleman was a competent person to serve the summons, showed, by inference at least, that Coleman had some interest in the result of the suit; and he had only Coleman's conclusion that it was not a *direct* interest, and that the statement in the original return that Coleman had no interest *except* that he was in the employ of the company, working by the day for wages, was not supported by any evidence.

The question whether Coleman's interest was direct or indirect would be a matter of law, to be determined upon a showing of the actual facts, and could not be detemined upon Coleman's statement of his own conclusion. If he, as secretary of the company, was entitled to a percentage of the moneys collected on assessments, he might be still able to persuade himself that he had no *direct* interest in the recovery of such assessments, but he would nevertheless be an interested party.

The danger of permitting an employee of the plaintiff to serve the summons would be scarcely less than that of permitting the plaintiff himself to make service, since the temptation to make a false return in his own favor would be no greater than the temptation to employ a person who would do a like service for him.

CHAMPLIN, J. . Plaintiff commenced suit against defendant in justice's court by summons directed "to any constable of said county, or other competent person."

The summons ·was served by N. H. Coleman, who does not appear to have been a constable, who made affidavit of service. No authorization or authority for him to serve the summons was indorsed on the writ.

The defendant appeared specially, and objected to the jurisdiction, among other reasons, because the person who served the summons in the cause was at the time of such service interested in the result of the suit ; and, in support of the objection, she filed her affidavit to the effect that the suit was brought to collect an assessment laid by the company for payment of losses and other liabilities and expenses of the company, and for the collection of ten per cent. of said assessment, to be paid to the secretary and treasurer of said company for his services in making collections ; that

Nelson H. Coleman was secretary and treasurer of said company, and was such when he served the summons, and was at that time directly interested in the result of the suit.

The justice overruled the objection, and defendant refused to plead, and withdrew from the case. The plaintiff obtained a judgment, and defendant brought the case by *certiorari* to the circuit court, where the judgment was reversed. Plaintiff brings the case here by writ of error.

The justice, in his return, upon this point says:

"Before issuing the summons in said cause, N. H. Coleman was sworn before me as to his competency to serve the same, and said he was of lawful age, and a citizen of the State, and a resident of the city of Grand Rapids, and that he had no direct interest in the result of said suit; that he was at work for said company by the day, for wages. He gave no evidence upon the subject of whether or not he held any office in said company at the time. Nothing was then testified to about his being secretary or treasurer of said company."

This showing, upon the face of it, does not show Coleman to be a competent person. The statement, "that he had no direct interest in the result of said suit," left an inference that, indirectly, he was interested. The statute requires that he shall not be interested in the suit. This statement was taken before the summons was issued.

On the return-day proof by affidavit was filed, showing not only that Coleman was interested in the suit, but that he was an officer of the corporation. It was the duty of the justice to investigate and determine the truth of these charges; and without contradiction or investigation, and adverse determination, they must be taken as true, and he was completely ousted of jurisdiction.

That he never acquired jurisdiction because Coleman's authority to serve the summons was not indorsed on such process was fully discussed and decided in the case of *Rasch v. Moore*, 57 Mich. 56.

The judgment must be affirmed, with costs of both courts.

CAMPBELL, C. J., and SHERWOOD, J., concurred. MORSE, J., did not sit.