CASE 99—PETITION EQUITY—MAY 28.

# Simms, &c., v. Simms, &c.

### APPEAL FROM LINCOLN CIRCUIT COURT.

1. PLEADING—MISTAKE IN NAME.—In an action by some of the heirs of "John" Simms to obtain a sale of a tract of land which they alleged belonged to him at his death, the party in possession of the land, who was made a defendant, filed an answer denying that "Jack" Simms was the owner of the land at his death. *Held*—That the denials of the answer are responsive in such a way to the averments of the petition as to plainly show that by the "Jack" Simms named in the answer the pleader referred to the "John" Simms of the petition; and as no motion was made to make the answer more definite, it should be treated as sufficient.

2. ACTION TO RECOVER LAND—PLEADING.—As the object of the action, so far as defendant in possession was concerned, was a recovery of the land, it was sufficient for him to merely deny title in the plaintiffs. It was not necessary for him to plead affirmatively and set up title in himself.

3. JUDGMENT NOT BINDING ON PARTIES NOT BEFORE THE COURT.—The judgment dismissing the petition can not affect infant heirs who did not unite as plaintiffs, and who, although made defendants, were not before the court. Their rights were not determined.

4. RETURN ON SUMMONS BY SPECIAL BAILIFF.—The presumption in favor of the return of an officer upon process does not exist where the return is made by a private person as a special bailiff. There must be a substantially strict compliance with the statute in such a case.

  A return upon a summons in the ordinary form of an officer's return, and not signed, is not sufficient as the return of a special bailiff, although followed by the jurat of an officer showing that it was sworn to by him. Such a statement can not be regarded as the affidavit of the special bailiff required by section 47 of the Code.

W. H. MILLER AND D. R. CARPENTER FOR APPELLANTS.

1. In this proceeding, in the nature of a Writ of Right, it is not sufficient for defendant to simply deny plaintiff's title, but he must plead and show title superior to plaintiff. (Bouvier's Law Dictionary, Title, Writ of Right; Speed v. Buford, 3 Bibb, 57; Green v. Liter, 8 Crouch, 229; Green v. Watkins, 8 Wheaton, 29; Shaefer v. Gates, 2

B. M., 454; Chitty's Pleading, vol. 3, 1355; Civil Code, title 10, chapter 14; Walker v. Sawyer, 80 Ky., 620; Henning v. Harrison, 13 Bush, 723.)

2. There is no presumption, as in case of a sheriff, that a special bailiff, appointed to serve summons, has discharged his duty. The return must show that he has complied with the statute. (Gen. Stats., chapter 100, section 7; Loyds v. McCauley, 14 B. M., 430; Barbour v. Newkirk, 83 Ky., 529.)

3. In pleading a counter claim or set-off against infants it was necessary to have summons against them and a guardian *ad litem* to defend for them. (Civil Code, sub-section 4 of section 97.)

HILL & ROBERTS FOR APPELLEES.

1. In an action against a defendant to recover land where it is alleged that defendant claims no title, it is sufficient for the defendant to deny title in the plaintiff. (Civil Code, section 125; Frazier v. Naylor, 1 Met., 593; West Covington v. Freking, 8 Bush, 126.)

2. The Common Law Writ of Right and Ejectment were both abolished by the Civil Code. (Newman on Pleading, 86; Civil Code, section 125.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Some of the heirs of John Simms, who died intestate July 4, 1864, brought this action August 8, 1888, to obtain a sale of a tract of land, which they claim belonged to him at his death. Those of the heirs who did not join as plaintiffs were made defendants, several of them being infants without any statutory guardian. The petition avers, in substance, that the decedent was the owner, and in possession, of the land at his death, and that it can not be divided without materially impairing its value.

The appellee, F. Simms, who is not an heir, was made a defendant, the only averment in the petition, as to him, being that he is residing upon the land, but has no interest in it. He filed an answer, admitting the possession, and averring that he is the owner; also denying that " Jack " Simms, Sr., was the owner, or in possession of, or had any title to it at his death, or that

it descended to his heirs. By agreement the issue was submitted to the court upon oral testimony. It dismissed the petition, upon appellee's motion, at the close of the plaintiffs' evidence, as to the appellee, with a judgment for his costs against the plaintiffs, and they have appealed.

The testimony showed that neither John Simms nor any of his heirs had ever been in the actual possession of the land; that it was woodland, and uninclosed until the appellee, F. Simms, took actual possession of it, about fourteen years before, by clearing portions of it, fencing the same, building houses thereon, and occupying it as his own ever since. No paper title in John Simms was exhibited, save a deed to him from one Mary Stawyer for the land, dated February 4, 1860, and proven and lodged for record September 10, 1886. It was shown, however, that in the division of the other lands of John Simms, made not long after his death under a court proceeding, this land was treated as belonging to his estate, by two of the heirs being given an interest of a certain number of acres in it, by way of equalizing them with the other heirs, but the interests so given were not defined save as a certain number of acres. There was no division of it, and, moreover, the appellee was not a party to the proceeding.

Manifestly this evidence authorized the court's conclusion. It failed to show either a possessory or a sufficient paper title in John Simms or his heirs.

It is urged, however, that the answer was insufficient in two respects:

1. The petition avers that *John* Simms was the owner of the land, while the answer denies that *Jack* Simms

was the owner or in possession of it at his death, or that it descended to his heirs. It is said that this is no denial of John Simms' ownership. This is, at best, quite technical. The denials of the answer are, however, responsive in such a way to the averments of the petition as to plainly show that by the *Jack* Simms named in the answer the pleader referred to the John Simms of the petition. They identify the person. Evidently all the parties so understood it, and no motion was made to make it more definite.

2. That in this character of an action it was not sufficient for the defendant to merely deny title in the plaintiffs, but that it was necessary for him to plead affirmatively, and set up title in himself, either by adverse holding, or of record, superior to that of the plaintiffs.

True, the answer merely presents the general issue. It is conceded this would be sufficient in an action in the nature of ejectment. But it is contended that this action, based upon statute (Civil Code, sec. 490), is more in analogy to the ancient writ of right; that in this, as in that proceeding, the plaintiff must plead actual seizin in himself or his ancestor; and the defendant can not rest upon a denial of the plaintiff's right, or avail himself of a better title in a third party, as a defense, but must plead his own title affirmatively, thus enabling the court, by a comparison, to determine the better right.

Our Civil Code has abolished forms of action. Here the appellants asserted a right to the land. They admitted the appellee was in possession of it, but averred that he had no right to it. Conceding that the action was not in the nature of ejectment, certainly the object of

it, so far as he was concerned, was a recovery of the land; and it is well settled in this State, that where the plaintiff seeks such relief, the defendant, by denying his ownership, may compel him to recover upon a showing of his own right, or else suffer a defeat. The appellee was bound to make defense if he intended to claim the land. A judgment for the sale of it would have divested him of both the title and the possession, as he had been made a party to the suit. In any action by the purchaser he would have been estopped from defending by the judgment in this one. The answer put in issue the claim to the land asserted in the petition, and was therefore sufficient. The plaintiffs were then bound to make good their claim, and in this they failed.

After the guardian *ad litem* had filed his report for the infants, and after the evidence had been heard, and the motion made by the appellee to dismiss the action, a motion was made by the plaintiffs and the guardian to quash the return upon the summons against the infant defendants, Mattie and Hannah Simms, and set aside the submission of the cause, upon the ground that it was premature. The motion was overruled. It was based upon the ground that the infants named were not before the court. A summons for them, in proper form, had been issued, directed to the sheriff of the county. It has this return upon it:

"I appoint Robert Smith a special deputy to execute "this summons on Mattie and Hannah Simms, October "1, 1888.     T. D. NEWLAND, S. L. C.

"Executed on Mattie Simms and Hannah Simms by

" delivering to each of them a copy of this summons,
" this October 4, 1888.

" Sworn to before me by Robert Smith, October 6,
" 1888.                         Geo. B. Cooper, *Clerk*,
            " By W. L. McCarty, *D. C.*"

Section 47 of the Civil Code provides that a summons
may be served " by any person appointed by the officer
" to whom it is directed, by an indorsement on the sum-
" mons; and the affidavit of such person, indorsed
" thereon, shall be proof of the time and manner of serv-
" ice;" and section 49 says: " The return or affidavit
" mentioned in section 47 must state when and how the
" summons was served, and if erroneous may, with leave
" of the court, be amended according to the truth."

Section 544 defines an affidavit thus: " An affidavit is
" a written declaration, under oath, made without notice
" to the adverse party."

It will be noticed that the statement as to the execu-
tion of the summons is not signed by the special bailiff.
It is in such form that it can not be regarded as his
affidavit, or " written declaration under oath." He acts
under no oath of office, and the statute has therefore
required his affidavit. In case it be false he is subject to
indictment. The law requires particularity. Not only
should it be regularly made, but its statements should be
plain and positive. The rights of parties are made to
depend upon it.

The presumption in favor of the return of an officer
does not exist where the return is made by a private per-
son as a special bailiff. (Lloyd v. McCauley, 14 B. M.,

535.) The due administration of justice requires a sub--stantially strict compliance with the statute in such a case..

It results that the rights of these infants could not have been determined in this action. The judgment can not affect them. There is no appeal as to them. In fact there was no judgment against them. Their rights were not determined. It could not have been done, because they were not before the court. They were not joined as plaintiffs, but were named as defendants in the petition,. and the judgment dismisses it at the cost of the plaintiffs.. There should be no reversal, therefore, upon this ground,. and the judgment is affirmed.