## CORT v. NEWMAN.

1. SPECIAL CONSTABLE.

The appointment by a justice of the peace of a person to act as constable must be in strict conformity with the statute, or his appointment is void, and the service of the process a nullity. A defendant who justifies under such an alleged appointment must affirmatively show that the causes authorizing the appointment existed, and

that it was made in the manner prescribed by the statute. There is no presumption in his favor.

2. SAME—JURISDICTION.

A seizure of property by one assuming to act as a special constable, who is unable to justify by reason of irregularity in his appointment, is not a levy, but a wrongful taking, and confers no jurisdiction upon the justice to decide any question concerning it.

3. JURISDICTION—CLAIM OF EXEMPTION.

The judgment of a justice of the peace upon a claim of exemption, except where there has been a legal seizure of the property, is void for want of jurisdiction.

Error to the County Court of Arapahoe County.

Messrs. OSBORN & TAYLOR, for plaintiff in error.

Mr. ALFRED MULLER, for defendant in error.

THOMSON, J., delivered the opinion of the court.

This is an action for the possession of goods and chattels. The affidavit of the plaintiff, Cort, sets forth his ownership and right of possession of the property, and alleges that it was taken from him by the defendant, pretending that he was a constable, and that he took the property on execution, whereas he was not a constable nor authorized to act as such. The affidavit contains the usual other averments, and alleges that the property was exempt from attachment and execution by law. The complaint is in the common form. The answer alleges the commencement of a suit against the plaintiff by one Prince before a justice of the peace, the issue of a writ of attachment in the cause, the appointment of the defendant by the justice as special constable to serve the writ, and the levy by him as such special constable upon the property by virtue of the writ. It also alleges that after the levy a trial of the plaintiff's claim of exemption was had before the justice, in a proceeding instituted by the plaintiff for that purpose, in which it was adjudged that he was not entitled to the exemption. It is also averred that at the trial of the cause the attachment was sustained, and judg-

ment rendered in favor of Prince for the amount of his claim. The replication put in issue the averments of the answer.

The cause was tried upon an agreed statement, as follows: That the plaintiff was the head of a family and entitled to the property as exempt, unless his right to the exemption was settled by the judgment of the justice; and that the defendant, although acting as such, was not properly appointed a special constable, and was not authorized to act as constable, unless the validity of his acts was settled by the justice's judgment. The statements in the answer as to the trials and judgments were admitted.

Section 2068 of the General Statutes of 1883 provides that a justice of the peace may appoint a suitable person to act as constable when there is a probability that goods and chattels will be removed before application can be made to a qualified constable; and that the appointment shall be made by a written indorsement, under the seal of the justice, upon the back of the process to be executed. The agreed statement does not set forth what, if anything, was done in the way of attempting to appoint the defendant special constable, but states generally that he was not properly appointed, or authorized to act. The appointment by a justice of a person to act as constable must be in strict conformity with the statute, or the appointment is void, and the service of the process a nullity; and a defendant who justifies under an alleged appointment, must affirmatively show that the causes authorizing the appointment existed, and that it was made in the manner prescribed by the statute. There is no presumption in his favor. *Gordon v. Knapp*, 1 Scam. 488.

Upon the facts as admitted, the defendant was a trespasser. His seizure of the property was not a levy, but a wrongful taking. The justice acquired no jurisdiction of the property by the defendant's act, and was therefore without power to try or decide any question concerning it. That such a trial was had at the plaintiff's instigation, and that he appeared and participated in it, is immaterial. Want of jurisdiction of the person may be waived by appearance, but jurisdiction of the

subject-matter cannot be conferred by consent. What the plaintiff's rights in the matter of a claim of exemption, made in a proper case, would be, is unimportant. There can be no trial of such a claim except upon a legal seizure of the property. The judgment of the justice upon the exemption claim was void.

Upon the admitted facts judgment was given for the defendant, whereas it should have been for the plaintiff. It must therefore be reversed.

*Reversed.*