Argued May 8, decided June 4; rehearing denied July 2, 1912.

## PICKARD v. MARSH.

[124 Pac. 268.]

JUSTICES OF THE PEACE—PROCESS—SERVICE.

1. Under Section 2518, L. O. L., providing that whenever it appears that any process will not be served for want of an officer, the justice may appoint a suitable person, not a party, to serve it, and such appointment may be made by an indorsement on the process, it is not sufficient that the constable be not available, but the absence or inability of the sheriff or his deputies to act must also be shown to warrant the justice in appointing a third person.

JUSTICES OF THE PEACE—PROCESS—SERVICE.

2. It is necessary that the appointment in such case be indorsed on the writ.

JUSTICES OF THE PEACE—PROCESS—RETURN OF SERVICE.

3. Section 62, L. O. L., provides that proof of service of summons by the sheriff and constable may be made by certificate, but, if by special officer, it must be made by affidavit, and section 2518 authorizes a justice of the peace in certain cases to appoint a suitable person for the service of process. *Held*, that a return by such person, not an officer, by means of a certificate, was not proof of service of summons.

From Sherman: DAVID R. PARKER, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a proceeding brought to the circuit court by petition for review by George W. Pickard and H. Laughter, copartners doing business under the firm name of Pickard & Laughter, against J. Marsh, justice of the peace and George N. Crossfield.

The only errors relied upon relate to the attachment of personal property and the order for the sale thereof. When the action was commenced the justice indorsed on the summons an appointment of a special constable to serve the papers, as follows:

"I hereby appoint C. M. Brock special constable to serve the papers in this case.

J. Marsh, J. P."

The attachment was directed to the sheriff or any constable of the county, and contained the usual directions

for the attachment of personal property, and it was delivered to C. M. Brock for service. It was served by him, and he indorsed a return thereon in which he "certifies" that he attached the property in question, and he signed the return, "C. M. Brock, deputy constable." These plaintiffs, who were defendants in the lower court, appear by motion "to set aside and quash the alleged service of summons and the alleged attachment * * for the reason that it does not appear that the person by whom said process was served was duly appointed to serve the same." This motion was denied, and the court rendered judgment against the defendants for the debt, and further ordered:

"It further appearing to the court that a writ of attachment has been duly and regularly issued out of the above-entitled court, and that the following described property belonging to said defendants has been duly and regularly attached, to wit: (Description of property). It is also further ordered that the said attached property be and the same is hereby ordered sold as upon execution, and the money received from such sale applied in payment of said sums and costs and accruing costs."

In the assignment of errors in the petition for the writ of review, it is alleged: (1) That the appointment of the special constable is insufficient to authorize him to serve the papers in the case; (2) that the appointment was not indorsed upon the writ of attachment and was therefore insufficient, and the service unauthorized; (3) that the return on the writ was not made under oath; (4) that it was signed by him as deputy constable. There was no appearance in the action by defendants, and the writ of review was dismissed by the circuit court. The petitioners appeal.        REVERSED: REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Geo. Mowry* and *Mr. William H. Wilson*, with an oral argument by *Mr. Wilson*.

Sig. 7

For respondents there was a brief over the names of
*Mr. C. J. Bright* and *Mr. C. M. Huddleston,* with an oral
argument by *Mr. Bright.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1-3. By Section 2518, L. O. L., it is provided that
"whenever it appears to the justice that any process or
order authorized to be issued or made by this act will not
be served for want of an officer, such justice may appoint
any suitable person not being a party to the action to
serve the same; such an appointment may be made by
an indorsement on the process or order." A justice is
powerless to appoint a special constable except in a case
provided by statute. The statute has provided the officers
by whom process shall be served. However, it con-
templates that an emergency may arise requiring the
appointment of a special officer, and there might be cases
in which the justice has personal knowledge of such an
emergency; but if that knowledge could be considered
sufficient upon which he might act on his own motion in
making the appointment, still the fact should be recited
in the record. But ordinarily, and possibly in every case,
the facts creating the necessity for such an appointment
should be brought to the attention of the justice by the
affidavit of some one having knowledge of the facts. It
would not alone be sufficient that the constable was not
available, but the absence or inability of the sheriff or his
deputies to act must also be shown. The reason for this
rule is well stated in *Gordon* v. *Knapp,* 1 Scam. (Ill.) 489,
where it is said:

"The statute specifies but two cases in which a justice
is authorized to appoint a constable *pro tem.* The one is
to execute criminal process, where the accused is likely
to escape; and the other is to execute civil process, where
goods and chattels are about to be removed before appli-
cation can be made to a qualified constable; and in the

latter case, as a prerequisite to the power of appointment, it must be shown that goods and chattels are about to be removed. * * And, as a justice is an officer of inferior and special powers, the existence of the causes which would justify him, in deputing an officer to execute process, should be shown; and the kind of process, and the mode of appointing the officer to execute it, should be in strict accordance with the statute; otherwise the appointment is void and the service of the process a nullity."

See, to the same effect: *Currens* v. *Ratcliffe,* 9 Iowa 309; *McClane* v. *Rogers,* 42 Tex. 214; *Hamill* v. *Ferrier,* 8 Colo. App. 266 (45 Pac. 522); *Union Mutual Fire Ins. Co.* v. *Page,* 61 Mich. 72 (27 N. W. 859); *Green* v. *New London County Agricul. Soc.,* 32 Conn. 95; *Dolan* v. *Topping,* 51 Kan. 321 (32 Pac. 1120).

Furthermore, the constable cannot be arbitrarily deprived by the justice of the emoluments of the office (*Skinner* v. *Board of Commissioners,* 63 Kan. 557: 66 Pac. 635), and it is necessary that the appointment shall be indorsed on the writ, as that is a requirement of the statute above quoted (*Davis* v. *Hamilton,* 53 Ill. App. 94; *Union Mut. Fire Ins. Co.* v. *Page,* 61 Mich. 72: 27 N. W. 859; *Dolan* v. *Topping,* 51 Kan. 321: 32 Pac. 1120).

As said in *Gordon* v. *Knapp,* 1 Scam. (Ill.) 489, the indorsement may be regarded as the commission of the special constable, without which his execution of the process would be illegal and void. It is only an officer who has taken an oath of office and is under bond for the faithful performance of his duty whose certificate of his doings will be evidence of the fact. Section 62, L. O. L., provides that the proof of service of summons by the sheriff or constable may be by certificate, but if by special officer it must be made by affidavit. The same rule applies to the service of a subpœna, and Section 831 provides that an affidavit may be used to prove service of summons, notice, and other papers in an action or suit. The reason for the rule, as stated in *Coffee* v. *Gates,* 28

Ark. 43, is that the special officer who makes the service is bound by neither oath nor bond for the correctness of his return. This rule is recognized by the authorities generally. 32 Cyc. 507; 18 Pl. & Pr. 907; Alderman, Jud. Writs, 169; *Barron* v. *Dent*, 17 S. C. 75; *Murdock* v. *Hillyer*, 45 Mo. App. 287; *Simms, etc.* v. *Simms, etc.*, 88 Ky. 642 (11 S. W. 665).

Therefore the record shows error in that the justice did not have authority to appoint a special constable and Brock's appointment was not indorsed on the writ. Brock did not have authority to serve the writ of attachment, and the return of such service by certificate is not proof of the fact. The justice court was therefore without authority to enter as part of the judgment the order for the sale of the attached property and for the application of the proceeds thereof, and the writ of review should have been sustained.

The judgment of the circuit court is reversed, and the cause remanded, with directions to sustain the writ and reverse and set aside the order of sale of the attached property, and for such other proceedings as may be proper.    REVERSED: REHEARING DENIED.