## KONTNER v KENNEDY

Ohio Appeals, 4th Dist, Athens Co

Decided Mar. 20, 1931

Wooley & Rowland, Athens, for Kontner.
Jones, Jones & Erskine, Athens, for Kennedy.

**BLOSSER, J.**

Error is prosecuted to this court, and the legal question presented is whether or not the trial court erred in overruling the demurrer to the petition. It is urged that Kontner, being the plaintiff and an interested party in the action before the justice, service by him as special constable was void; that his appointment as special constable was unauthorized and void and in violation of §1732 GC. The record presents an interesting question of law and one that has not been directly decided by the courts of Ohio.

Sec 1732 GC provides:

"At the request of a party, and on being satisfied that it is expedient, a justice may specially depute a discreet person of suitable age, not interested in the action, to serve summons," etc.

While courts are liberal in reviewing the proceedings of justices and other inferior courts so far as respects regularity and form, they hold them strictly within the limits of their jurisdiction as prescribed by statute. **Beebe v Scheidt, et al, 13 Oh St 415, Harding v Trustees, 3 Ohio 231, Truesdell v Combs, 33 Oh St 186.**

Kontner being the plaintiff and an interested party could not legally be deputed by the justice to serve the summons. In order to give the justice jurisdiction service must have been had on the defendant in the manner prescribed by the statute.

**1 Freeman on Judgments, Section 342,** says:

"Adequate service of process also takes cognizance of the person or officer making the same. He must be equipped with the legal authority and be empowered by statute to perform the function, otherwise his attempted service will not confer jurisdiction * * * A judgment was declared void because the action was in the name of a sheriff, tho he had no pecuniary interest therein, and the service of process was made by him."

"The general rule is that the jurisdiction of a court can never be called into exercise unless thru the medium of process, complete in law and duly served.

As a general rule certain officers are authorized to serve process and process must be directed to them, and they alone can make legal service. At common law no person but a public officer can serve process. Service of process by one not authorized to serve it is a nullity and confers no jurisdiction." **Works on Courts and their Jurisdiction. page 252.**

"The general doctrine is that an officer can not serve process in his own case." **Ibid, page 255.**

"Where private individuals are authorized by statute to serve process it is generally required that such person shall not be a party to the suit or interested in the result of the action. So a party to the suit can not serve his own writ.

Where it is provided that only persons not interested in the action shall be appointed to serve process service by an interested party, altho regularly appointed in all other respects, is void and confers no jurisdiction on the court." **Ibid, page 256.**

The above doctrine is the general rule followed by the courts.

"It is the duty of a justice of the peace who authorizes a private individual to serve a summons to assure himself that such person is not interested in the case. A failure herein ousts him of jurisdiction of the case after a summons in this respect improperly served." **Union Mutual Fire Insurance Co. v Page (Mich!), 27 N. W. 859.**

To the same effect is **Gadsby v Stimer** (Mich.), 44 N. W. 606, and **Barney v Vigoureaux, et al** (Cal.), 17 Pac. 433.

In the case of **Morton v Crane, 39 Mich. 526,** it is held:

"A constable can not serve a summons in an action in which he is plaintiff."

The opinion of the court is by Judge Cooley and on page 528 he states the reason for the rule in the following language:

"The danger of abuse in a case of a summons consists in this, that the officer may falsely make return of a service never made, and thereby put himself in a position to obtain judgment by default against a party who perhaps will hear of the proceedings for the first time when an execution appears against him. No danger of abuse from an officer serving his own process can be greater than this, and the practice

which would subject the officer to this temptation should not be tolerated. The courts generally have adhered with great propriety and justice to the rule that in no case should a man be officer and party in the same proceeding."

If there had been a mere irregularity in the process or its service the judgment may have been rendered voidable, which could have been taken advantage of by a motion to the justice to set aside the judgment or by a proceeding in error.

Kennedy not having been properly served with process according to law, the justice acquired no jurisdiction and the judgment rendered by him was void. The action of the trial court in overruling the demurrer to the petition was proper and the judgment is affirmed.

MAUCK, PJ and MIDDLETON, J, Concur.