## Berry v. Kentucky Children's Home Society et al.

(Decided Oct. 17, 1933.)

MARK BEAUCHAMP for appellant.
LAWRENCE F. SPECKMAN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— .Affirming.

By this appeal R. J. Berry, defendant below, is ;seeking a reversal of a judgment of the Jefferson cir- ·cuit court wherein it was adjudged that the Kentucky Children's Home Society, a corporation, one of the plaintiffs below, is the owner and entitled to possession ·of certain real estate in the city of Louisville herein- .after described and that a writ of possession be issued :in favor of such owner against appellant.

By their petition, the Kentucky Children's Home 'Society and T. R. Ewing, executor of the will of Kate .Ransom, deceased, alleged that they are the owners and ·entitled to the possession of certain real estate in the ·city of Louisville to which they acquired title under and by virtue of the will of Kate Ransom who died Febru- .ary 7, 1930, and whose will, dated November 24, 1923,

had been duly probated by the Jefferson county court and is of record in the office of the clerk of the county court of that county; that since February 26, 1931, R. J. Berry has held possession of this real estate without right and has refused to surrender possession to them. In addition to the prayer for judgment for possession of the real estate, they sought to recover rent for the time it was held by Berry and for damages as a result of a loss of sale because the purchaser declined to take it on account of the refusal of Berry to surrender possession. The land described in the petition and judgment is as follows:

"Being on the East side of the Southern Parkway, formerly Grand Boulevard and beginning at a corner with the Southern Parkway and Park Avenue; thence Northwardly with the East line of the Southern Parkway 45 feet more or less to Lot 25 in Block 13, Oakdale Addition to the City of Louisville, plat of which is recorded in Deed Book —— page ——, in the office of the Clerk of the County Court of Jefferson County, Kentucky; thence at right angles with the last given line and with the West Line of said alley Southwardly 57½ feet more or less to the North line of said Park Avenue; then with the North line of said Park Avenue to the beginning; being Lot 26 in Block 13 of said Addition and being the same property conveyed to Kate Ransom by deed dated July 22d, 1892, and recorded in Deed Book 412, page 606 in the office of the Clerk aforesaid."

After Berry's motion to require the allegations of the petition to be made more specific and his demurrer to it had been overruled, he filed answer in which he set up no claim to the real estate nor any right or title in himself to it, but merely traversed the allegations of the petition.

After all evidence had been heard and upon motion of the parties, the cause was withdrawn from the jury and submitted to the court on the law and facts as shown by pleading and proof. The court made a written finding of law and fact and as a fact found that Kate Ransom at the time of her death was the owner of the property described in the petition, holding the title to it by a deed dated July 20, 1892, from the Ameri-

can Land & Trust Company and W. P. Fleming, trustee, and that the Kentucky Children's Home Society acquired title thereto by the last will and testament of Kate Ransom; that R. J. Berry claims title to the property through a common source under tax deed from George W. Stege, tax receiver, to Manuel Faust, dated November 7, 1929, and by a deed of January 31, 1931, from Manuel Faust to R. J. Berry.

As a matter of law the court found that for reasons set forth in an opinion filed in the record the deeds under which Berry claimed title are ineffective to convey title to him as against appellees; that the Kentucky Children's Home Society is the owner and entitled to recover possession of the real estate in controversy. The judgment, as already indicated, is in conformity with the finding of law and fact.

In a well-considered opinion by the trial judge, it is pointed out that appellees must recover, if at all, upon the strength of their title; that they established title in the Kentucky Children's Home Society as indicated in the findings of fact, thus making out a prima facie case; that Berry was within his rights in relying on a traverse of the petition asserting appellees' title to the property and is entitled to recover if they fail to establish title; that Berry undertook to establish title in himself through the deed from Stege to Faust and by the subsequent conveyance from Faust to him; that those deeds purport to convey "* * * property being designated on plats in the office of the assessor of the city of Louisville, as Lot 10, Block 2388 * * *."

With regard to the right of appellant to rely on an affirmative assertion of title in himself through any source, the trial judge in his opinion said:

"But the question arises whether, in view of the provisions of subsection 2 of section 125 of the Civil Code of Practice the defendant can rely upon the affirmative assertion of title in himself through any source. The conclusion would appear inescapable that he cannot. His answer did not assert claim to this property or any part thereof, and the manifest purpose of that Code provision is to require such assertion in order to rely upon it as a defense. While the language of this section seems almost too clear for construction, it has neverthe-

less been so construed in Brent v. Long et al., 99 Ky. 245, 35 S. W. 640, 18 Ky. Law Rep. 137.''

However, it is stated in the opinion that the case of Simms' Heirs v. Simms et al., 88 Ky. 642, 11 S. W. 665, 11 Ky. Law Rep. 131, recognized the right of a defendant to stand upon a general traverse and recover in the event plaintiff fails to establish title in himself. In disposing of appellant's contention that either or both of the deeds offered in evidence by him show title in persons other than appellees and are therefore under the pleadings sufficient to defeat their recovery, it is pointed out that the record does not clearly show that the property conveyed by the deeds relied on by appellant to be the same as that to which plaintiffs assert title.

It was stipulated that the property conveyed by Faust to appellant is the same property conveyed to Faust as that to which appellees are asserting title. After referring to the description in those deeds, the trial judge in his opinion further said:

"This description does not identify it as the property for which plaintiff is suing, and it may be doubted whether such description is sufficient to convey title thereto if it did, because requiring the aid of extrinsic evidence to locate it."

It appears in the record that the will of Kate Ransom was not found for some months after her death, and in the meantime the Louisville Trust Company qualified as her administrator and instituted an action No. 197862 to sell the land in controversy. Faust was made a party to that action and filed answer. When the will was found, the action seems to have been abandoned.

It is contended by appellant that the record in that action establishes the identity of the property conveyed. We find it stipulated that the papers in the action No. 197862 were made a part of the record in the circuit court and that the clerk of that court be directed to transmit to the clerk of this court the entire record in that action; but such papers do not appear in the record here. However, it appears from the opinion of the trial judge that the petition alleged that Faust "is claiming" some interest under a tax deed and that by answer he asserted an interest under such deed but did not

establish it, since the deed which he filed failed there, as it does here, to identify the property as the same to which plaintiff was asserting title.

Wholly apart from the Code provision invoked by counsel for appellees (subsection 2, sec. 125, Civil Code of Practice), and without determining its scope and effect with respect to a state of case as shown by the pleadings and proof, it may be said that the judgment of the lower court is manifestly correct and may be sustained on the ground that the tax deed and the subsequent conveyance by the grantee therein relied upon by appellees to show failure of title in appellant does not so describe the property attempted to be conveyed as that it may be identified as the same property to which appellees assert title. Furthermore, there is nothing in the record to show that it is the same property or from which a reasonable deduction or inference of such may be drawn. While these deeds show on their face that the property conveyed formerly belonged to Kate Ransom, that fact alone does not form a reasonable basis for a conclusion that it is the same property described in the petition and to which appellees have asserted and have been adjudged title.

Judgment affirmed.