### Hall et al. v. Shepherd.

(Decided May 17, 1935.)

C. F. SPENCER for appellants.

CLARENCE MILLER for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This action was instituted in the Estill circuit court by Thomas Hall and others, as heirs of David E. Hall, to recover by ejectment the tract of land described in the petition from the defendant John Shepherd and

others and damages for defendant's alleged wrongful possession of the place and waste committed thereon.

Defendant answered, traversing the allegations of the petition and affirmatively alleging by separate paragraph that he was the owner and in possession of the said tract described in the petition and that those under whom he claimed had been in adverse possession thereof, claiming same to a well marked and defined boundary, for a period of more than fifteen and for more than thirty years next before the institution of the action.

By an agreed court order, plaintiffs filed an amended petition, by which they set up ownership to the entire tract of land claimed under their ancestor, D. E. Hall, as same was described by location and boundary in the deposition of his son, H. C. Hall, as containing some 500 acres, and alleging that the boundary so given thereof covered and included the tract of 160 acres, as claimed and described in defendant's answer, and further stipulating that both the allegations of the amended petition and also those of the defendant's answer be traversed of record, and agreeing that the one issue to be tried was the ownership of the tract of land described in defendant's answer.

Plaintiffs' motion for an order of survey of the tract of land, as set out by metes and bounds in both the petition and answer, was granted, and pursuant thereto a survey and report thereof was made, which stated that the said tract contained 38.2 acres and also that the surveyed tract, according to the surveyor's observation, was not fenced on any side except along its road front.

Upon submission of this cause upon the pleadings, depositions, oral evidence, and exhibits (the same having been transferred by agreement of parties to the equity docket for trial), the court adjudged that the plaintiffs were not entitled to recover of defendant the land in controversy and that their petition be dismissed with costs.

The plaintiffs have prosecuted this appeal, urging as grounds for reversal of the judgment "that the findings of the court are contrary to law and are not sustained by the evidence." In support of plaintiffs' position, they argue that by their testimony and exhibits.

they have established, as the heirs of David E. Hall, their ancestor under and through whom they claim, both title and right to the possession of this 500-acre tract of land claimed, owned, and adversely possessed by him under color of title for more than thirty years, and introduced, as a part of their evidence so showing, various deeds evidencing the said ancestor's purchase of various boundaries of land, making up this larger 500-acre claimed boundary, and also that by the testimony of the plaintiff, H. C. Hall, a son of their ancestor, David E. Hall, they have established title of their ancestor by prescription to the entire tract, and that having so shown, the burden of proof as to ownership of the part thereof, in question then shifted to the defendant, which, they argue, he has failed to maintain.

Section 125 of the Civil Code of Practice provides that:

"1. A petition for the recovery of land, or for its subjection to a demand of the plaintiff, must describe it so that it may be identified.

"2. * * * The answer of the defendant must state whether or not he claims it, or any part of it; and, if he claim part of it, his answer must so describe such part that it may be identified. The making of such statement, or of such statement and description, shall not, of itself, throw on the defendant the burthen of proving his right to the land claimed by him. * * *"

In Asher v. Howard, 122 Ky. 175, 91 S. W. 270, 28 Ky. Law Rep. 1097, in construing this section, it was held that in an action to recover land, the plaintiff need not set out his title and he may recover on a possessory title without pleading the title he has. Also, in Simms v. Simms, 88 Ky. 642, 11 S. W. 665, 11 Ky. Law Rep. 131, it was held that in an action to recover land in possession of defendant it is only necessary that he deny title in plaintiff; it is not necessary to set up title in himself.

Plaintiffs' testimony given in support of their alleged right of possession is to the effect that in 1865 David E. Hall acquired about 80 acres of this larger 500-acre tract here claimed by commissioner's deed filed in evidence; that in 1841 he further acquired from one Chilton Allen and wife an one-eighth interest in a tract

of 100 acres, and also a further tract of 115 acres, which were testified by one of the plaintiffs, Grant Hall, to have been included in the claimed larger boundary of 500 acres; and that said named tracts covered and embraced within their boundaries the lands claimed by the defendant. Also, by another of the plaintiffs, H. C. Hall, now eighty-three years of age, it is testified that the said ancestor, David E. Hall, was his father and lived with his family in Estill county on the lands herein above described as acquired by him from Hines, the commissioner, and Allen, as stated, and that he knew the whole boundary of these lands comprising some 500 acres, which embraced therein the lands in controversy claimed by the defendant, and undertook to give from memory the whole tract's boundary as including within it the appellee's land. Also he testified that he was living on the David E. Hall place in about 1860 when his father abandoned his home and moved away, after which his mother continued to reside thereon for some years or until about 1870.

The appellee's witnesses, however, testified that the tract of land, the right of possession to which is here involved, has been in the possession and control of no member of the Hall family or heir of the said David E. Hall, plaintiffs' ancestor, for forty years or more, but that the same has been within the adverse actual possession of the defendant and those under whom he claims for such time.

Appellants for answer to this contend, however, that should it be held that the defendant has supported his claim by adverse possession to the particular 37 or 38-acre tract of the Hall land described by metes and bounds in the petition and therefore has right to hold this small portion of the tract, that the plaintiffs were yet entitled to a judgment for the remainder of the 160-acre tract of land sued for under the amended petition, the whole boundary of which defendant was asserting claim by purchase and adverse possession, upon the ground that the plaintiffs having made out a title to the remaining part of this 160-acre larger boundary, embracing the particular 38-acre tract, the defendant could not defend his claimed prescriptive title except by showing his actual adverse possession of the entire 160-acre boundary, up to a well marked and fenced line.

It may be conceded that if such were found upon

the evidence to be the case, the defendant could only defend plaintiffs' right to the possession thereof by establishing his own actual and adverse possession of the whole 160-acre tract for the statutory period, and, further, that the rule is that a disseizor in possession of one tract cannot stretch his possession to include another by means of claims of ownership without actual possession thereof (Flinn v. Blakeman, 254 Ky. 416, 71 S. W. [2d] 961), such rule being based on the principle that one having good title has constructive possession or that constant possession which the law imputes to its true owner and of which right he can only be disseized by actual, notorious, continuous adverse possession of land inclosed by fence to the full extent of the boundary for the fifteen years required for acquiring title through adverse possession by a disseizor (Lake v. Ford, 244 Ky. 803, 52 S. W. [2d] 724).

However, it is evident that the court has found no such good record title to the tract of land here involved to have been established by the appellants or, if such title was shown by their evidence, the defendant had disseized them of such title to the tract in question by reason of his alleged continuous, actual adverse possession of the tract under fence throughout the statutory period claimed.

The evidence shows appellee's claimed ownership of the land through chain of title derived not from the Halls but from the different source of the Joel McKinney estate, who, it is testified, conveyed the tract in question to one William Christopher, who in turn conveyed the same to Thomas and Nancy Clemm in 1890, who then in turn conveyed the same to the defendant in 1913, and which has been since such time held by him in actual, adverse possession under fence to a well marked and defined boundary.

The evidence is that this land, acquired and so held by the defendant in two adjoining tracts, was by the descriptions thereof contained in his deeds of conveyance thereto, whether described by metes and bounds to the one or to the other by deeds reciting corner calls, together contain the 160 acres the defendant claims to own, and that they have been throughout the prescriptive period held as together constituting one and the same tract of such quantity owned and transferred through these mesne conveyances since 1890.

The appellants' grounds urged and argued for reversal are that the chancellor's judgment finding for the defendant is not sustained by this evidence and is contrary to law.

It is sufficient answer to this contention that we are of the opinion that this conflicting evidence is amply sufficient to support the chancellor's finding, but even were our minds left in doubt as to this, "we have written it so often that it has become a general rule that we will give great weight to the findings of the chancellor on findings of fact," and so viewing and appraising the evidence here before us, there certainly can be no reason for our disturbing the judgment upon these grounds. The judgment is affirmed.